**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALGREEN CO., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) |
| CVS CAREMARK CORPORATION and | ) JURY TRIAL DEMANDED |
| CVS PHARMACY, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## Complaint and Demand for Jury Trial and Injunctive Relief Sought

Plaintiff Walgreen Co. ("Walgreens" and "Plaintiff"), hereby files this Complaint against Defendants CVS Caremark Corporation and CVS Pharmacy, Inc. (collectively "CVS" or "Defendants"), and alleges as follows:

### THE PARTIES

1.      Walgreens is an Illinois corporation with a principal place of business at 200 Wilmot Road, Deerfield, Illinois, 60015.

2.      Upon information and belief, CVS Caremark Corporation is a Delaware corporation with a principal place of business in Woonsocket, Rhode Island, and conducts business in this Judicial District.

3.      Upon information and belief, CVS Pharmacy, Inc. is a Rhode Island corporation with a principal place of business in Woonsocket, Rhode Island.  Upon information and belief,

01:14887781.1

CVS Pharmacy, Inc. is registered to do business in the State of Delaware and regularly conducts business in this Judicial District.

## NATURE OF ACTION AND JURISDICTION

4.     This action arises under the Patent laws of the United States, Title 35, United States Code, and more particularly under 35 U.S.C. §§ 271 et seq.  This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 35 U.S.C. §§ 271 and 281-285.

5.     This Court has personal jurisdiction over CVS Caremark Corporation because it has committed acts giving rise to this action within Delaware and within this Judicial District.  CVS Caremark Corporation has also purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District.   Upon information and belief, CVS Caremark Corporation is a Delaware Corporation in the business of pharmaceutical and consumer retailing and employs residents of the State of Delaware and this Judicial District.  Upon information and belief, CVS Caremark Corporation conducts business and has retail stores with pharmacies throughout the United States, including within the State of Delaware and in this Judicial District. Upon information and belief, CVS Caremark Corporation markets and sells pharmaceutical and consumer products throughout the United States, including within the State of Delaware and in this Judicial District.

6.     Upon information and belief, CVS Caremark Corporation is a Delaware Corporation that regularly conducts business in Delaware and in this Judicial District.   Upon information and belief, several CVS Caremark Corporation controlled entities, including specific CVS stores, are registered to do business in the State of Delaware and have registered agents in

this Judicial District. Upon information and belief, CVS Caremark Corporation has maintained continuous and systematic contacts with the State of Delaware, and plans to continue to maintain its systematic and continuous contacts with the State of Delaware, including but not limited to, its aforementioned business of marketing and selling pharmaceutical and consumer products in the State of Delaware. Accordingly, this Court has personal jurisdiction over CVS Caremark Corporation.

7.     This Court has personal jurisdiction over CVS Pharmacy, Inc. because it has committed acts giving rise to this action within Delaware and within this Judicial District. CVS Pharmacy, Inc. has also purposefully availed itself of the rights and benefits of the laws of this State and this Judicial District. Upon information and belief, CVS Pharmacy, Inc. is in the business of pharmaceutical and consumer retailing and employs residents of the State of Delaware and this Judicial District. Upon information and belief, CVS Pharmacy, Inc. conducts business and has retail stores with pharmacies throughout the United States, including within the State of Delaware and in this Judicial District. Upon information and belief, CVS Pharmacy, Inc. markets and sells pharmaceutical and consumer products throughout the United States, including within the State of Delaware and in this Judicial District.

8.     Upon information and belief, CVS Pharmacy, Inc. regularly conducts business in Delaware and in this Judicial District. Upon information and belief, several CVS Pharmacy, Inc. controlled entities, including specific CVS stores, are registered to do business in the State of Delaware and have registered agents in this Judicial District. Upon information and belief, CVS Pharmacy, Inc. has maintained continuous and systematic contacts with the State of Delaware, and plans to continue to maintain its systematic and continuous contacts with the State of Delaware, including but not limited to, its aforementioned business of marketing and selling

pharmaceutical and consumer products in the State of Delaware.  Accordingly, this Court has personal jurisdiction over CVS Pharmacy, Inc.

## VENUE

9.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and 1400(b) at least in that CVS Caremark Corporation is a Delaware corporation residing in this Judicial District, CVS Pharmacy, Inc. is registered to do business and does conduct business in the State of Delaware and in this Judicial District, and CVS has committed acts of infringement and has a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

10.      United States Patent No. 8,626,530 (the "530 Patent"), titled "System and Method for Express Refill," was duly and legally issued by the United States Patent and Trademark Office ("Patent Office") on January 7, 2014.  A true and correct copy of the 530 Patent is attached hereto as Exhibit A.

11.      Walgreens is the sole owner, by assignment, of the entire right, title, and interest in the 530 Patent, including the right to sue for infringement of the 530 Patent.

12.      Walgreens owns, offers and operates the Walgreens mobile apps available for at least the iPad®, iPhone®, Windows Phone®, Android™ devices, and BlackBerry® devices which implement, among other things, a Refill by Scan functionality for refilling a prescription, which is protected by the 530 patent.

13.      Upon information and belief, CVS owns, operates, offers, and/or disseminates or makes available for dissemination applications for mobile devices ("apps"), including the CVS/pharmacy myCVS Mobile Apps available for at least the iPad®, iPhone®,  and Android™

01:14887781.1

4

devices (the "Accused Apps"), which implement, among other things, a refill by scan functionality for refilling a prescription.

14.     Upon information and belief, CVS owns, operates, and/or disseminates or makes available the Accused Apps to its customers across the United States, including customers within the State of Delaware and in this Judicial District.

15.     CVS does not have a license to the 530 patent.

16.     An actual controversy of such immediacy and reality as to warrant immediate injunctive relief exists between Plaintiff and CVS, as discussed in more detail below.

**COUNT I: Infringement of the 530 Patent Under 35 U.S.C. § 271**

17.     The allegations of the preceding paragraphs 1-16 are repeated, realleged, and incorporated herein by reference as if fully set forth herein.

18.     Under 35 U.S.C. § 271, CVS's making, using, offering, disseminating, operation, support, maintenance, and other use of the Accused Apps, and/or importation of the Accused Apps before the expiration of the 530 Patent, constitutes direct infringement, either literally or under the doctrine of equivalents, of one or more claims of the 530 Patent.

19.     Upon information and belief, under 35 U.S.C. § 271, CVS's making, using, offering, disseminating, operation, support, maintenance, and other use of the Accused Apps, and/or importation of the Accused Apps before the expiration of the 530 Patent, constitutes indirect infringement of one or more claims of the 530 Patent.

20.     On information and belief, CVS, with knowledge of the 530 Patent, and without authority, has actively induced, and continues to actively induce, infringement by its customers of at least one or more claims of the 530 Patent, in violation of 35 U.S.C. § 271(b), by intentionally inducing the use of the Accused Apps, intending to encourage, and in fact

encouraging customers to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the 530 Patent.

21.    On information and belief, as a result of CVS's inducement, CVS's customers have used, and continue to use, the Accused Apps to refill their prescriptions, which represents direct infringement, either literal or under the doctrine of equivalents, of one or more claims of the 530 Patent.

22.    On information and belief, CVS actively induces infringement by making, using, offering, and disseminating into the stream of commerce the Accused Apps, as well as by operating, supporting, maintaining, and otherwise encouraging the use of the Accused Apps, for example by publishing literature encouraging the use of the Accused Apps and by offering support and technical assistance to its customers to encourage use of the Accused Apps in ways that infringe the claims of the 530 Patent.  In addition, CVS has had actual knowledge of customers' direct infringement, either literal or under the doctrine of equivalents, and that CVS's actions induced infringement since at least as of the filing date of this Complaint.

23.    On information and belief, CVS, with knowledge of the 530 Patent, and without authority, has also contributed to, and is contributing to, direct infringement, either literal or under the doctrine of equivalents, by its customers of at least one or more claims of the 530 Patent, in violation of 35 U.S.C. § 271(c).  For example, on information and belief, CVS has contributed to, and is contributing to, infringement of the 530 Patent by making, using, offering, disseminating, operating, supporting, maintaining, and otherwise encouraging the use of the Accused Apps, and/or through the importation of the Accused Apps before the expiration of the 530 Patent.  Given the unique methodology claimed in the 530 Patent, the Accused Apps have no substantial non-infringing use.  In addition, on information and belief, CVS has had actual

01:14887781.1

knowledge of customers' direct infringement, either literal or under the doctrine of equivalents, and that CVS's actions contributed to infringement since at least as of the filing date of this Complaint.

24. The acts of infringement by CVS set forth above have caused Plaintiff monetary damage and irreparable harm for which it has no adequate remedy at law, and until CVS's infringement is enjoined by this Court, it will continue to cause monetary and irreparable damage. Specifically, as a result of CVS's ongoing infringement, Plaintiff has been, and will continue to be, irreparably harmed at least through the loss of customers who are drawn to CVS as a result of CVS's advertisements which promote the use of the infringing Accused Apps.

25. Unless Plaintiff obtains an order enjoining further infringement by CVS, it faces significant harm as CVS will continue to make, use, offer, disseminate, operate, support, maintain, and otherwise provide access for its customers to the Accused Apps, thereby irreparably harming the protections accorded to Plaintiff under the Patent Laws of the United States. Accordingly, CVS's infringement is of such immediacy and reality as to warrant immediate injunctive relief so as to protect Plaintiff's patent rights.

## PRAYER FOR RELIEF

Plaintiff respectfully prays for the following relief:

A. An order adjudging that Defendants CVS Caremark Corporation and CVS Pharmacy, Inc. have infringed, directly and indirectly by way of inducing the infringement of and/or contributing to the infringement of, the 530 Patent under 35 U.S.C. § 271;

B. An order preliminarily and permanently enjoining, pursuant to 35 U.S.C. § 283 and Rule 65 of the Federal Rules of Civil Procedure, Defendants CVS Caremark Corporation and CVS Pharmacy, Inc., their officers, agents, servants, employees, parents, subsidiaries,

01:14887781.1

divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from further infringement of the 530 Patent, including, but not limited to, an order enjoining CVS from making, using, offering, disseminating, operation, support, maintenance, and any other use of any refill by scan functionality of a mobile app, including without limitation the CVS/pharmacy myCVS Mobile Apps, that is covered by one or more claims of the 530 Patent;

C.   A judgment awarding Plaintiff damages, pursuant to 35 U.S.C. § 284, for Defendants CVS Caremark Corporation's and CVS Pharmacy, Inc.'s infringement of the 530 Patent;

D.   An award of pre- and post-judgment interest, costs, and disbursements;

E.   An award of Plaintiff costs and expenses; and

F.   An award to Plaintiff of such other and further relief as this Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury of any and all issues triable of right before a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Delaware Local Rule 38.1.

01:14887781.1

Dated:  January 31, 2014

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Anne Shea Gaza*

Of Counsel:

Timothy J. Malloy
Scott P. McBride
Daniel S. Stringfield
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois  60661
(312) 775-8000
tmalloy@mcandrews-ip.com
smcbride@mcandrews-ip.com
dstringfield@mcandrews-ip.com

Anne Shea Gaza (No. 4093)
James L. Higgins (No. 5021)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
jhiggins@ycst.com

*Attorneys for Plaintiff*
*Walgreen Co.*