**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-123-GMS |
| | ) | |
| CVS PHARMACY, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-124-GMS |
| | ) | |
| RITE AID CORPORATION and RITE AID HDQTRS. CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-125-GMS |
| | ) | |
| SHOPKO STORES OPERATING CO., LLC and MSCRIPTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to Rule 16, F.R.C.P., D. Del. LR 16.1, and the Court's May 8, 2014 Oral Order Scheduling a Rule 16.2 Scheduling Teleconference, the parties, by and through their undersigned counsel, submit this Joint Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Fed. R. Civ. P. 26(f) and D. Del. LR 16.1 on Monday, May 12, 2014. The law firms of Young Conaway Stargatt & Taylor, LLP and McAndrews, Held and Malloy, Ltd. participated on behalf of plaintiff Walgreen Co. ("Plaintiff" or "Walgreens"); the law firms of Morris, Nichols, Arsht & Tunnell LLP and Williams & Connolly LLP participated on behalf of defendant CVS Pharmacy, Inc. ("CVS"); the law firm of Morris, Nichols, Arsht & Tunnell LLP participated on behalf of defendants Rite Aid Corporation and Rite Aid Hdqtrs. Corporation ("Rite Aid"); and the law firms of Seitz Ross Aronstam & Moritz LLP and Foley Hoag LLP participated on behalf of defendants Shopko Stores Operating Co., LLC ("Shopko") and mscripts, LLC ("mscripts"). Each of CVS, Rite Aid, Shopko and mscripts are referred to herein as "Defendant" and are collectively referred to as "Defendants."

1. **Jurisdiction and Service:** The parties agree that the Court has personal jurisdiction over all of parties in suit and that all parties have been properly served. At this time, the parties are aware of no additional parties yet to be served. Shopko and mscripts contend that the Court does not have subject matter jurisdiction over Walgreens' claims because, Shopko and mscripts allege, Walgreens is not the sole owner of the asserted patent and therefore lacks standing to assert it. CVS and Rite Aid do not contest that the Court has subject matter jurisdiction over Walgreens' claims at this time.

2. **Substance of the Action:** Walgreens alleges that each Defendant infringes one or more claims of U.S. Patent 8,626,530 ("530 patent"). The 530 Patent issued on January 7,

2014, and claims, *inter alia*, a system for receiving a refill order for one or more prescription medications. Each Defendant contends that it does not infringe, and has not infringed, "any valid and enforceable claim" of the 530 patent (CVS and Rite Aid) or "any valid claim" of the 530 patent (mscripts and Shopko). Each Defendant contends that all of the claims of the 530 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116. Walgreens states that the 530 patent is statutorily presumed valid and disputes Defendants' invalidity claims. Defendants further assert affirmative defenses including laches, estoppel, waiver, and limitations on damages under 35 U.S.C. § 287. Walgreens disputes Defendants' affirmative defenses.

Defendant mscripts brought a counterclaim alleging that mscripts' founder and CEO, Mark Cullen, is a co-inventor of the 530 patent and that mscripts is a co-owner of the 530 patent. mscripts also alleges that Walgreens breached a non-disclosure agreement between mscripts and Walgreens. Walgreens disputes mscripts' claims.

3. **Identification of Issues:**

   a. **Issues To Be Decided**

   i. Whether Defendants have infringed any claims of the 530 patent, directly or indirectly, literally or under the doctrine of equivalents;

   ii. Whether the claims of the 530 patent are valid and enforceable;

   iii. Whether Walgreens' claims for infringement are barred in whole or in part by laches, waiver, equitable estoppel and the requirements of 35 U.S.C. § 287;

   iv. Whether Mark Cullen is an omitted inventor of the 530 patent and mscripts is a co-owner of the 530 patent;

      v. Whether Walgreens breached its non-disclosure agreement with mscripts;

      vi. Whether Walgreens is entitled to injunctive relief;

      vii. The amount of damages to which Walgreens is entitled in the event that the Defendants are found to infringe the 530 patent; and

      viii. Whether this is an exceptional case.

    **b.** **Pending Motions**

Walgreens has moved for a preliminary injunction against each of the Defendants in this case (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 12). Defendants did not respond to Walgreens' motion for preliminary injunction within the briefing schedule allowed by D. Del. LR 7.1.2.(b), but instead moved to defer all action on Walgreens' motion pending the Rule 16 conference (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 27). Walgreens opposed Defendants Motion to Defer (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 28), Defendants filed a reply (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 29) and Walgreens requested oral argument on Defendants' Motion to Defer (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 30).

4.    **Narrowing of Issues:** Given the overlap of factual and legal issues, and to lessen the burden on the parties and the Court, the parties agree that the above-captioned cases should be coordinated for discovery and pre-trial matters.

The parties do not yet know whether issues in these cases can be further narrowed by agreement or through motion practice. The parties will continue to evaluate the issues presented to determine if further narrowing can be accomplished.

5.    **Relief:**

    a.    **Plaintiff's Request for Relief**.

3

Walgreens has moved for preliminary injunctive relief (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 12), and requested permanent injunctive relief in its First Amended Complaints against Defendants (*see, e.g.*, C.A. No. 14-123-GMS, D.I. 31), because Defendants continuing infringement is irreparably harming Walgreens in ways that monetary damages may not fully compensate. To the extent that monetary damages could partially compensate Walgreens, Walgreens has also requested monetary damages from Defendants. The amount of monetary damages would be an amount that is not less than a reasonable royalty for each act of infringement, together with interest and costs. Walgreens also seeks its attorneys' fees. Because discovery has not yet begun, Walgreens is presently unable to identify the amount of damages that it is seeking from Defendants. Walgreens further seeks a finding that these cases are exceptional under 35 U.S.C. § 285.

b. **Defendants' Request for Relief**.

Defendants CVS and Rite Aid seek declaratory judgment that they do not infringe the 530 patent and that all of the claims of the 530 patent are invalid. CVS and Rite Aid further seek a declaration that this case is exceptional and that they be awarded their attorneys' fees and costs.

Defendant mscripts seeks declaratory judgment that Mr. Mark Cullen be named as an inventor of the 530 patent, that mscripts be declared a co-owner of the 530 patent and that Walgreens breached a contract with mscripts. Defendant mscripts seeks entry of judgment that: mscripts does not infringe the 530 patent; that the 530 patent is invalid or, in the alternative, that mscripts is a co-owner of the 530 patent; that mscripts be awarded damages; that this case be declared exceptional; and that mscripts be awarded its attorneys' fees and costs.

Defendant Shopko does not seek any declaratory judgment, but seeks an entry of judgment that Shopko does not infringe the 530 patent; that the 530 patent is invalid; that this case be declared exceptional; and that Shopko be awarded its attorneys' fees and costs.

6.      **Amendment of Pleadings:**  The parties propose a deadline for amendment of pleadings of [**Plaintiff:** November 20, 2014 / **Defendants:** January 23, 2015].

7.      **Joinder of Parties:**  At this time, the parties are not aware of any parties who may need to be joined to the present action.  The parties propose a deadline for joinder of parties of [**Plaintiff:** November 20, 2014 / **Defendants:** January 23, 2015].

8.      **Discovery:** The parties propose that fact discovery be completed by [**Plaintiff:** February 5, 2015 / **Defendants:** March 27, 2015].  The parties propose the following parameters for fact discovery:

   a.      **Requests for Admission**.  The parties agree that, unless otherwise agreed by the parties or ordered by the Court, each side (where each "side" includes Walgreens, on the one hand, and Defendants CVS, Rite Aid, Shopko and mscripts, on the other hand) may serve a maximum of 25 common requests for admission.  The parties further agree that, unless otherwise agreed by the parties or ordered by the Court, each party in each case (with Shopko and mscripts being counted together as a single party) may serve 35 individual requests for admission.  There shall be no limit, however, on the number of requests for admission that a document or thing (1) is authentic or (ii) is a business record.  This provision is not a waiver of any party's ability to argue that a particular set of requests for admission directed to authenticity or the business record exception constitutes an undue burden.

   **Regarding mscripts and Shopko**:

<u>Plaintiff's position:</u> A request for admission propounded by Walgreens to both mscripts and Shopko shall count as one request. Plaintiff proposes that mscripts and Shopko collectively may serve a single answer to such request. Where Walgreens requires an individual response, it will propound an individualized request for admission to each of, or one of, mscripts and Shopko.

<u>Defendants' position:</u> A request for admission propounded by Walgreens to each of mscripts and Shopko shall count as two requests.

b. **Interrogatories**. The parties agree that, unless otherwise agreed by the parties or ordered by the Court, Plaintiff may serve 15 common interrogatories to all Defendants and 10 individual interrogatories in each case. Defendants may serve 15 common interrogatories and 10 individual interrogatories in each case (Shopko and mscripts may together serve a total of 10 individual interrogatories). These limits include contention interrogatories.

**Regarding mscripts and Shopko**:

<u>Plaintiff's position:</u> An interrogatory propounded by Walgreens to both mscripts and Shopko shall count as a single interrogatory. Plaintiff proposes that mscripts and Shopko collectively may serve a single answer to such interrogatory. Where Walgreens requires an individual response, it will propound an individualized interrogatory to each of, or one of, mscripts and Shopko.

<u>Defendants' position:</u> An interrogatory propounded by Walgreens to each of mscripts and Shopko shall count as two interrogatories.

c. **Document Production**. The parties propose that document production be substantially completed by [**Plaintiff:** November 13, 2014 / **Defendants:** December 15, 2014].

d. **Electronically Stored Information ("ESI").**

6

The parties agree to meet and confer with respect to a proposed E-Discovery Order and the form in which electronically stored information shall be produced.

 e. **Depositions**.

  i. <u>Limitations on Fact Witness Depositions.</u>  Unless otherwise agreed by the parties or ordered by the Court, each side is limited to a combined total of 80 hours of depositions upon oral examination of fact witnesses (excluding experts), with a maximum of 7 hours per witness.  For any deposition under Rule 30(b)(6), the deposition of each individual Rule 30(b)(6) witness shall be limited to a maximum of seven (7) hours.  The fact that a witness testifies as a Rule 30(b)(6) witness does not preclude the witness from being deposed in his or her individual capacity.

  ii. <u>Limitations on Expert Witness Depositions.</u>  The parties will meet and confer on expert depositions after the exchange of expert reports.

  iii. <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party will be required to submit to a deposition at a place of the witness's election or as otherwise agreed by the parties.  To the extent possible, the parties agree to make their best efforts to produce their expert witnesses in a reasonably convenient and mutually agreeable location.

 f. **Expert Reports.**  Defendants believe Reply Expert Reports should be limited to objective indicia of non-obviousness.

g. **Proposed Case Schedule**.

| Event | Walgreens' Compromise Proposal[1] | Defendants' Proposal |
|---|---|---|
| Initial Rule 26(a) Disclosures | June 3, 2014 | June 13, 2014 |
| Exchange Claim Terms to be Construed | August 14, 2014 | October 10, 2014 |
| Exchange Proposed Constructions | August 28, 2014 | October 24, 2014 |
| Final Joint Claim Chart | September 11, 2014 | November 7, 2014 |
| Opening *Markman* Briefs | October 2, 2014 | December 5, 2014 |
| Answering *Markman* Briefs | October 30, 2014 | January 23, 2014 |
| Completion of Document Production | November 13, 2014 | December 15, 2014 |
| Deadline to Amend Pleadings and Join Additional Parties | November 20, 2014 | January 23, 2015 |
| *Markman* Hearing | November __, 2014 | February __, 2015 |
| Close of Fact Discovery | February 5, 2015 | March 27, 2015 |
| Opening Expert Reports for Issues on which the Party Bears the Burden of Proof | March 5, 2015 | April 24, 2015 |
| Rebuttal Expert Reports | April 2, 2015 | May 22, 2015 |
| Reply Expert Reports (limited to secondary considerations of non-obviousness) | April 23, 2015 | June 19, 2015 |
| Close of Expert Discovery | June 11, 2015 | August 14, 2015 |

---

[1] The dates reflected in this column represent a compromise from Walgreens' originally-proposed dates, but Walgreens believes that the cases can be ready for trial by September 2015.

8

| Opening Letter Briefs | July 9, 2015 | September 11, 2015 |
|---|---|---|
| Answering Letter Briefs | July 23, 2015 | September 25, 2015 |
| Reply Letter Briefs | August 6, 2015 | October 16, 2015 |
| Case Dispositive Motions | Within two weeks of the Court's decision permitting the filing of any such motions | |
| Pretrial Order | November __, 2015 | February __, 2016 |
| Pretrial Conference | November __, 2015 | February __, 2016 |
| Trial | December __, 2015 | First trial: March __, 2016 |

9. **Estimated Trial Length:** As stated above, given the substantial overlap of factual and legal issues, and to lessen the burden on the parties and the Court, Walgreens proposes that the above-captioned cases be consolidated for all purposes, including trial. If the cases are consolidated for trial, Walgreens would respectfully request 10 trial days. If the cases are not so consolidated, Walgreens respectfully requests 3 sequential trials, each of 5 trial days in length, for each of CVS, Rite Aid and mscripts/Shopko (with mscripts and Shopko to be tried together). Defendants request that each case be tried separately, with the order of trials to be determined at the pretrial conference.

The parties will employ their best efforts to reduce the length of trial by stipulations, use of summaries, and other expedited means of presenting evidence. The parties are not contemplating bifurcation at this time.

10. **Jury Trial:** All parties have requested a jury trial for all issues so triable in these cases.

11. **Settlement:** The parties have not yet engaged in settlement discussions. The parties are willing to discuss mediation with the Magistrate Judge at any time the Court so directs.

12. **Other Issues:**

    a. **Protective Order**. The parties agree that a protective order will be necessary due to confidential business information that will need to be exchanged in this action. The parties will meet and confer regarding the parameters for such a protective order and will endeavor to provide the Court with a stipulated protective order for its consideration.

    b. **Privileged and Work Product Materials**. If any materials that are otherwise responsive to any discovery request, rule or Court order are withheld from production on the basis of attorney-client privilege, attorney work product, or any other privilege or immunity, such withheld materials shall be listed on a privilege log in conformance with FRCP 26(b)(5)(A). The parties mutually agree, however, that there shall be no obligation to log such withheld materials if the materials were created after the January 31, 2014 filing of the Original Complaints in the above-captioned actions.

    c. **Service of Papers Not Filed With the Court**. Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to electronic service, and agree that service of papers not filed with the Court may be accomplished by electronic mail, so long as the e-mail is sent to the e-mail addresses specified below (or as subsequently modified by the parties in writing). If the e-mail serving the papers is transmitted after 11:59 pm ET, those papers will be considered to have been served on the following day. Electronic service shall be considered the equivalent of

service by hand for purposes of calculating response dates such that 3 days will not be added (under Fed. R. Civ. P. 6(d)) to a due date after a period would otherwise expire.

    i. <u>If service is on Plaintiff Walgreens:</u>

        agaza@ycst.com

        jhiggins@ycst.com

        tmalloy@mcandrews-ip.com

        smcbride@mcandrews-ip.com

        dstringfield@mcandrews-ip.com

        Walgreens@mcandrews-ip.com

    ii. <u>If service is on Defendant CVS:</u>

        jblumenfeld@mnat.com

        rsmith@mnat.com

        mflynn@mnat.com

        aperlman@wc.com

        dkrinsky@wc.com

        cmertz@wc.com

    iii. <u>If service is on Defendant Rite Aid:</u>

        jblumenfeld@mnat.com

        rsmith@mnat.com

        mflynn@mnat.com

    iv. <u>If service is on Defendant mscripts:</u>

        cseitz@seitzross.com

        bschladweiler@seitzross.com

        jyounkin@foleyhoag.com

        claporte@foleyhoag.com

    v.  <u>If service is on Defendant Shopko:</u>

        cseitz@seitzross.com

        bschladweiler@seitzross.com

        jyounkin@foleyhoag.com

        claporte@foleyhoag.com

    d.  **Service of Papers Filed With the Court.**  The parties consent to electronic service, and agree that service of papers filed with the Court may be via the Court's CM/ECF system and need not be separately served via e-mail or otherwise. Documents filed under seal should be separately served via e-mail as set forth above.

    13.  **Certificate of Conference**.  The parties have conferred about each of the above matters and submit this Joint Status Report as agreed.

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | SEITZ ROSS ARONSTAM & MORITZ LLP |
| */s/ Anne Shea Gaza* <br> Anne Shea Gaza (No. 4073) <br> James L. Higgins (No. 5021) <br> Rodney Square <br> 1000 N. King Street <br> Wilmington, DE 19801 <br> 302-571-6600 <br> agaza@ycst.com <br> jhiggins@ycst.com <br><br> *Attorneys for Plaintiff* <br> *Walgreen Co.* | */s/ Benjamin J. Schladweiler* <br> Collins J. Seitz, Jr. (No. 2237) <br> Benjamin J. Schladweiler (No. 4601) <br> 100 South West Street, Suite 400 <br> Wilmington, DE 19801 <br> (302) 576-1600 <br> cseitz@seitzross.com <br> bschladweiler@seitzross.com <br><br> *Attorneys for Defendants* <br> *Shopko Stores Operating Co., LLC* <br> *and mscripts, LLC* |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Jack B. Blumenfeld* <br> Jack B. Blumenfeld (No. 1014) <br> Rodger D. Smith, II (No. 3778) <br> Michael J. Flynn (No. 5333) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> jblumenfeld@mnat.com <br> rsmith@mnat.com <br> mflynn@mnat.com <br><br> *Attorneys for Defendant* <br> *CVS Pharmacy, Inc.* | */s/ Michael J. Flynn* <br> Rodger D. Smith II (No. 3778) <br> Michael J. Flynn (No. 5333) <br> Megan E. Dellinger (No.5739) <br> 1201 North Market Street <br> P.O. Box 1347 <br> Wilmington, DE 19899-1347 <br> (302) 658-9200 <br> rsmith@mnat.com <br> mflynn@mnat.com <br> mdellinger@mnat.com <br><br> *Attorneys for Defendants* <br> *Rite-Aid Corporation and* <br> *Rite-Aid Hdqtrs. Corp.* |