# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALGREEN CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-123-GMS |
| ) | |
| CVS PHARMACY, INC., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-124-GMS |
| ) | |
| RITE AID CORPORATION and ) | |
| RITE AID HDQTRS. CORP., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| WALGREEN CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-125-GMS |
| ) | |
| SHOPKO STORES OPERATING CO., LLC ) | |
| and MSCRIPTS, LLC, ) | |
| ) | |
| Defendants. ) | |

**SCHEDULING ORDER**

This ___ day of _____, 2014, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on May 14, 2014, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1. **Consolidation.** The above-captioned actions are consolidated for all purposes, including trial. All papers shall be filed in C.A. No. 14-123. Defendants may move for separate trials at the Pretrial Conference.

2. **Rule 26(a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before June 3, 2014.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before November 20, 2014.

4. *Markman* **Claim Construction Hearing.** A *Markman* claim construction hearing shall be held on January 12, 2015 at 9:30 a.m. The *Markman* hearing is scheduled for a total of 3 hours with each side (where each "side" includes Walgreen Co., on the one hand, and Defendants CVS, Rite Aid, Shopko and mscripts, on the other hand) having 1.5 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. The parties shall exchange lists of claim terms to be construed on or before September 16, 2014, and exchange proposed constructions of those terms on or before September 30, 2014. On or before October 16, 2014, the parties shall submit a Final Joint Claim Chart which shall include citations to intrinsic evidence. The plaintiff shall submit to the Court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all

intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this Court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on November 5, 2014, and answering claim construction briefs on December 12, 2014. Briefing will be presented pursuant to the Court's Local Rules.

5. **Discovery.** All fact discovery in this case shall be initiated so that it will be completed on or before February 5, 2015. Plaintiff may serve 15 common interrogatories to all Defendants and 10 individual interrogatories in each of the above-captioned actions (with an individual interrogatory propounded on Shopko or mscripts counting as one individual interrogatory and an individual interrogatory propounded on each of Shopko and mscripts counting as two individual interrogatories). Defendants may serve 15 common interrogatories and 10 individual interrogatories (Shopko and mscripts may together serve a total of 10 individual interrogatories). All document production shall be completed on or before November 13, 2014. Other than requests for admission that a document or thing (i) is authentic or (ii) is a business record, each side may serve a maximum of 25 common requests for admission. Plaintiff may serve 35 individual requests in each of the above-captioned actions (with an individual request propounded on Shopko or mscripts counting as one individual request and an individual request propounded on each of Shopko and mscripts counting as two individual requests). Defendants may each serve 35 individual requests for admission (Shopko and mscripts may together serve a total of 35 individual requests for admission).

    a. **Depositions.** Each side is limited to a combined total of 80 hours of depositions upon oral examination of fact witnesses (excluding experts), with a maximum of 7

hours per witness. For any deposition under Fed. R. Civ. P. 30(b)(6), the deposition of each individual Rule 30(b)(6) witness shall be limited to a maximum of seven (7) hours. The fact that a witness testifies as a Rule 30(b)(6) witness does not preclude the witness from being deposed in his or her individual capacity.

    b. **Expert Discovery.** Opening expert reports on issues on which a party bears the burden of proof shall be served on or before <u>March 5, 2015</u>. Rebuttal expert reports shall be served on or before <u>April 2, 2015</u>. Any reply expert reports (limited to secondary considerations of non-obviousness) shall be served on or before <u>April 23, 2015</u>. Expert discovery in this case shall be initiated so that it will be completed on or before <u>June 11, 2015</u>.

    c. **Privilege Logs.** Based on the parties' agreement, there shall be no obligation to log materials withheld on the basis of attorney-client privilege, attorney work product, or any other privilege or immunity if the withheld materials were created after the January 31, 2014 filing of the Original Complaints in the above-captioned actions.

    d. **Service of Papers.** Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties have consented to electronic service, and have agreed that service of papers not filed with the Court may be accomplished by electronic mail. Accordingly, electronic service shall be considered the equivalent of service by hand for purposes of calculating response dates such that 3 days will not be added (under Fed. R. Civ. P. 6(d)) to a due date after a period would otherwise expire.

    e. **Discovery and Scheduling Matters.** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the Court, via electronic means

(CM/ECF), a **Joint Letter Agenda**, which is **<u>non-argumentative</u>**, not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this Court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the Court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the Court a **<u>TWO PAGE LETTER</u>**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **<u>Confidential Information and Papers filed under Seal.</u>** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(e).**

7. **<u>Settlement Conference.</u>** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8. **Summary Judgment Motions.** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than July 9, 2015. Answering letter briefs shall be no longer than five (5) pages and filed with the Court no later than July 23, 2015. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before August 6, 2015. If the Court determines that argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument. **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

9. **Case Dispositive Motions.** To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions. Briefing will be presented pursuant to the Court's Local Rules. The parties may agree on an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval. Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

10. **Applications by Motion.** Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF). Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing pursuant to Local Rule 7.1.4.

12. **Pretrial Conference.** On November 17, 2015, beginning at 10:00 a.m., the Court will hold a Pretrial Conference, in Chambers, with counsel. Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). A sample form of Pretrial Order can be located on this Court's website at www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Fourteen (14) days before the Joint Proposed Pretrial Order is due, defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendants propose to include in the proposed pretrial order. **Motions *in limine*[1]*:* NO MOTIONS *IN LIMINE* SHALL BE FILED;** instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the Court the **joint** Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this Court's website at www.ded.uscourts.gov, on or before October 16, 2015.

13. **Trial.** The above-captioned actions are scheduled for an eight (8) day jury trial beginning at 9:30 a.m. on November 30, 2015.

---

[1] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List Of Evidentiary Issues It Intends To Raise."

14. **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

15. **Filing Deadlines.**  To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

_____
CHIEF, UNITED STATES DISTRICT JUDGE