```
 1                IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF DELAWARE

 3                           -   -   -

 4   WALGREEN CO.,                    )    Civil Action
                                      )
 5            Plaintiff,              )
                                      )
 6        v.                          )
                                      )
 7   CVS PHARMACY, INC.,              )
                                      )
 8            Defendant.              )    No. 14-123-GMS

 9                           -   -   -

10   WALGREEN CO.,                    )    Civil Action
                                      )
11            Plaintiff,              )
                                      )
12        v.                          )
                                      )
13   RITE AID CORPORATION and         )
     RITE AID HDQTRS. CORP.,          )
14                                    )
              Defendants.             )    No. 14-124-GMS
15
                             -   -   -
16
     WALGREEN CO.,                    )    Civil Action
17                                    )
              Plaintiff,              )
18                                    )
          v.                          )
19                                    )
     SHOPKO STORES OPERATING CO.      )
20   LLC and MSCRIPTS LLC,            )
                                      )
21            Defendants.             )    No. 14-125-GMS

22                           -   -   -
                       Wilmington, Delaware
23                   Wednesday, May 14, 2014
                            2:00 p.m.
24                   Telephone Conference

25   BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge
```

1   **APPEARANCES:**

2           **ANNE SHEA GAZA, ESQ., and**
            **JAMES E. HIGGINS, ESQ.**
3           **Young, Conaway, Stargatt & Taylor LLP**
                         **-and-**
4           **SCOTT P. McBRIDE, ESQ., and**
            **DANIEL S. STRINGFIELD, ESQ.**
5           **McAndrews, Held & Malloy, Ltd.**
            **(Chicago, IL)**
6
                              **Counsel for Walgreen**
7
            **JACK B. BLUMENFELD, ESQ.,**
8           **RODGER D. SMITH, II, ESQ., and**
            **MICHAEL J. FLYNN, ESQ.**
9           **Morris Nichols Arsht & Tunnell LLP**
                         **-and-**
10          **DAVID M. KRINSKY, ESQ.**
            **Williams & Connolly**
11          **(Washington, D.C.)**

12                            **Counsel for CVS**

13          **JACK B. BLUMENFELD, ESQ.,**
            **RODGER D. SMITH, II, ESQ., and**
14          **MICHAEL J. FLYNN, ESQ.**
            **Morris Nichols Arsht & Tunnell LLP**
15
                              **Counsel for Rite Aid**
16
            **COLLINS J. SEITZ, JR., ESQ.**
17          **Seitz Ross Aronstam & Moritz LLP**
                         **-and-**
18          **CLAIRE LAPORTE, ESQ., and**
            **JEREMY YOUNKIN, ESQ.**
19          **Foley Hoag LLP**
            **(Boston, MA)**
20
                              **Counsel for mscripts, LLC**
21
                         **-   -   -**
22

23

24

25

:00:17    1                THE COURT:  Good afternoon, counsel.  Who is on

:00:19    2   the line for Walgreen, please?

:00:21    3                MS. GAZA:  Good afternoon, Your Honor.  Anne

:00:23    4   Gaza and Jim Higgins from Young Conaway Stargatt & Taylor.

:00:27    5   I am joined today, Your Honor, by Scott McBride and Daniel

:00:33    6   Stringfield of the McAndrews, Held & Malloy firm in Chicago.

:00:37    7                THE COURT:  Good afternoon.

:00:41    8                For CVS?

:00:45    9                MR. BLUMENFELD:  Good afternoon, Your Honor.

:00:45   10   It's Jack Blumenfeld.  I am on for CVS and Rite-Aid, along

:00:51   11   with Rodger Smith and Michael Flynn from Morris Nichols.

:00:55   12   Also on for CVS is David Krinsky from Williams and Connolly

:01:02   13   in Washington.

:01:03   14                THE COURT:  Good afternoon.

:01:04   15                (Counsel respond "Good afternoon.")

:01:06   16                THE COURT:  For Shopko and mscripts.

:01:11   17                MR. SEITZ:  Good afternoon, Your Honor.  C.J.

:01:13   18   Seitz here from Seitz Ross.  With me on the phone from the

:01:17   19   Foley Hoag firm are Claire Laporte and Jeremy Younkin.

:01:20   20                THE COURT:  Good afternoon.

:01:22   21                Have we covered everyone?

:01:25   22                I think we have got everyone, I hope.

:01:28   23                We do.

:01:29   24                Thanks for the joint status report, counsel.

:01:32   25                I guess where I would like to start is -- there

:01:37    1    is a motion to defer I think that's been joined by all

:01:42    2    defendants.  Am I right about that?

:01:47    3                    MR. BLUMENFELD:  Yes, sir.  The motion to defer

:01:51    4    the preliminary injunction?

:01:52    5                    THE COURT:  Yes.  As a practical matter, we have

:01:55    6    deferred at least for a time that motion.  So I guess in

:02:01    7    sort of a de facto way I have granted it at least in part.

:02:05    8                    My question for Walgreen, though, has to do with

:02:11    9    the motion for a preliminary injunction and whether you are

:02:18   10    seriously interested in pursuing that in lieu of other

:02:22   11    preparations in this case.

:02:26   12                    MR. McBRIDE:  Yes, Your Honor.  Walgreen is

:02:28   13    interesting in pursuing the preliminary injunction.

:02:30   14                    THE COURT:  Why is that, given the timing of

:02:33   15    your filing and other matters that might be reasonable to

:02:41   16    consider under the circumstances?  Go ahead.

:02:45   17                    MR. McBRIDE:  Your Honor, Walgreen did file the

:02:49   18    lawsuit shortly after the patent issued earlier this year.

:02:53   19                    THE COURT:  But the injunction motion came

:02:56   20    rather much later, didn't it, at least a month or so I think

:03:00   21    I read somewhere?

:03:02   22                    MR. McBRIDE:  Yes, Your Honor.  The preliminary

:03:03   23    injunction motion came about 45 days after the filing of the

:03:06   24    lawsuit.

:03:07   25                    THE COURT:  Yes.  And as I understand it -- I

:03:12    1    **have only had a chance to skim your papers, and, of course,**

:03:15    2    **I have not had the benefit of a response yet -- the gravamen**

:03:18    3    **of your complaint is about loss of market share.  Right?**

:03:25    4    **MR. McBRIDE:  There is more than just that, Your**

:03:26    5    **Honor.**

:03:27    6    **THE COURT:  What else is there, counsel?**

:03:30    7    **MR. McBRIDE:  In addition to loss of market**

:03:32    8    **share, there were multiple issues, details, in Walgreen's**

:03:37    9    **submission.**

:03:37    10    **THE COURT:  I am asking you to detail them now,**

:03:39    11    **because I frankly don't understand why these losses, should**

:03:43    12    **they actually be compensable, or at least properly**

:03:49    13    **addressed -- let me start again -- if the defendants are**

:03:53    14    **found liable for these losses, why they are not compensable**

:03:56    15    **in money damages.**

:04:00    16    **MR. McBRIDE:  Your Honor, in part because there**

:04:04    17    **are additional sales that go along with these aspects.**

:04:09    18    **These aspects being the use of the invention.**

:04:12    19    **THE COURT:  I understand that.  And they can't**

:04:14    20    **be quantified in some way with some algorithm of some kind?**

:04:18    21    **You can't project the loss of sales in some quantifiable**

:04:24    22    **way?**

:04:25    23    **MR. McBRIDE:  Your Honor, I don't believe they**

:04:26    24    **fall within -- many of the items of loss I don't believe**

:04:31    25    **fall within the definition of compensable damages under the**

:04:34   1   patent laws, namely, what you would normally have in terms

:04:38   2   of a reasonable royalty, in terms of lost profits, or in

:04:41   3   terms of collateral sales.  They are sales unrelated to the

:04:44   4   patented invention that occur because the customers who use

:04:49   5   the patented invention are some of the most loyal and the

:04:52   6   most high purchasers at Walgreen and Walgreen believes at

:04:58   7   other companies as well.

:04:59   8          THE COURT:  Who wants to speak up for the

:05:01   9   defendants on these points?

:05:06   10          MR. BLUMENFELD:  Your Honor, taking it back to

:05:09   11   where you started, that is, on the timing issue, obviously,

:05:15   12   Walgreen's knew well before the first week in January when

:05:20   13   the patent issued that it was going to issue.  All of the

:05:23   14   defendants were on the market well before then.  So it's not

:05:29   15   like one of these cases where we copied their patent.  It

:05:31   16   just didn't happen that way.

:05:37   17          They then waited about three weeks to sue the

:05:42   18   defendants and almost two more months to file their

:05:45   19   preliminary injunction application.

:05:49   20          Frankly, I was a little surprised to hear the

:05:51   21   response from Mr. McBride, because when we had the

:05:54   22   conversation with them leading to the status report on

:05:59   23   Monday, they never mentioned anything about the preliminary

:06:03   24   injunction.  It was in the report, but they didn't mention

:06:05   25   it.  They didn't discuss a schedule with us.  Not a word

:06:09     1    about it.

:06:10     2              What they did instead was shortly after the

:06:13     3    conference, that evening, they served on all of the

:06:17     4    defendants massive discovery requests going to all issues.

:06:20     5    And I guess I assumed that they were shifting from a

:06:25     6    preliminary injunction mode to a moving forward trial mode,

:06:30     7    because that's what it looked like when we got -- I am not

:06:34     8    going to go through the discovery with you, but it really is

:06:38     9    pretty massive, 112 document requests, for example.

:06:41    10              On the damages, I don't know what their damages

:06:44    11    theory is going to be, but I am willing to bet that by the

:06:48    12    time we get to a trial they are going to have some kind of

:06:51    13    damages expert, an economist or someone, who is going to

:06:54    14    come up with a theory, just because I have never seen one of

:06:58    15    these cases where someone didn't come up with one.

:07:03    16              I don't know what else to say in response, Your

:07:05    17    Honor.

:07:05    18              THE COURT:  You are probably, Mr. Blumenfeld,

:07:10    19    you and your colleagues, even more surprised than I to hear

:07:13    20    the answer, because I certainly didn't have that background.

:07:15    21    I didn't have the benefit of that meet-and-confer

:07:17    22    conversation.

:07:18    23              I am still a little in shock, counsel for

:07:20    24    plaintiff.

:07:22    25              Why would you want to expend -- there is going

:07:28    1    to be some overlap, obviously -- but have your client and

:07:33    2    defendants' counsel's clients engage in an expedited process

:07:43    3    to have this Court utilize its very much overstressed

:07:47    4    resources to address a motion of this type under these

:07:53    5    circumstances, given the timing of your filing and other

:07:56    6    things that have just been discussed and are discussed in

:07:59    7    other places?

:08:01    8            MR. McBRIDE:  Your Honor, with respect to the

:08:03    9    timing of the filing, Walgreen did seek expedited review at

:08:07   10    the Patent Office multiple times with respect to the patent

:08:09   11    application.  The patent issued as soon as it could have.

:08:13   12            THE COURT:  Counsel, in addition, isn't there a

:08:16   13    substantial question that's been raised by the defendants as

:08:19   14    to whether this patent should have ever been issued?

:08:24   15            MR. McBRIDE:  Certainly, there is no substantial

:08:26   16    question that's been raised in any response papers to the

:08:29   17    motion for preliminary injunction.

:08:31   18            THE COURT:  Did I see mention somewhere of 101

:08:36   19    in the motion to defer?  No?

:08:42   20            MR. McBRIDE:  I don't believe there is outlined

:08:45   21    in any substantive argument as to why the patent should not

:08:48   22    have issued.

:08:48   23            THE COURT:  I agree with that.  But the issue

:08:50   24    has been flagged, hasn't it?

:08:55   25            MR. McBRIDE:  I would certainly expect that, as

:08:57   1   in a patent case where the defendants raise an issue of

:09:01   2   validity.  I haven't seen a patent case yet where that was

:09:04   3   not raised.

:09:05   4          THE COURT:  Isn't this of a little more moment

:09:07   5   today, given the fact that the Supreme Court has this under

:09:10   6   active consideration, 101, that is?  I am reading from the

:09:19   7   joint status report where it says, "Each defendant contends

:09:22   8   that all claims of the '530 patent are invalid under one or

:09:26   9   more provisions of 35 U.S.C., 101, 102, 103."

:09:31  10         Those are all sort of rote recitations that we

:09:35  11   expect to see.  And I take your point.

:09:39  12         But the defendants later, also in the motion to

:09:43  13   defer, in Paragraph 7, call it out again, that is the issue,

:09:49  14   more specifically, the 101 issue, given the CLS Bank case

:09:55  15   that is presently under consideration by the Court.

:09:59  16         I can tell you that I have stayed other

:10:01  17   litigation where the defendants have raised a colorable

:10:05  18   argument.  The case I think that comes to mind right now is

:10:10  19   CreateAds.  I suspect somebody on this line is involved in

:10:13  20   that case, as at least Delaware counsel.  I had oral

:10:22  21   argument scheduled.  But we believe that CLS Bank is about

:10:29  22   to be decided.  So I suspended the oral argument pending

:10:35  23   receipt, the issuance of that opinion.

:10:39  24         Maybe we can talk about that among ourselves and

:10:42  25   see whether you might want to join that argument should it

| | | |
|---|---|---|
| :10:47 | 1 | occur, or wait, at least, until the Court issues its ruling |
| :10:51 | 2 | in CLS Bank, which could be case dispositive.  Go ahead. |
| :10:57 | 3 | MR. McBRIDE:  Thank you, Your Honor. |
| :11:01 | 4 | Your Honor, Walgreen believes that the litany of defenses |
| :11:04 | 5 | that have been identified by defendants are raised in |
| :11:07 | 6 | virtually every patent case.  With respect to Section 101, |
| :11:10 | 7 | the defense attorney there with respect to the reference to |
| :11:13 | 8 | Alice v. CLS Bank, Walgreen believes that the claims are |
| :11:16 | 9 | significantly different in substantial ways from the claims |
| :11:19 | 10 | that have been at issue in the recent Section 101 cases |
| :11:22 | 11 | before the Court, including the Alice v. CLS Bank case.  So |
| :11:26 | 12 | Walgreen does not believe that case will have an impact on |
| :11:29 | 13 | the outcome of this case.  If it did, certainly, it would be |
| :11:32 | 14 | the decision, as defendants have stated, a decision coming |
| :11:38 | 15 | no later than the end of March.  It would certainly be a |
| :11:41 | 16 | case that is fully considered by the Court before it entered |
| :11:43 | 17 | any rulings on a motion for preliminary injunction. |
| :11:45 | 18 | THE COURT:  Any the of the defendants want to |
| :11:49 | 19 | talk about this? |
| :11:50 | 20 | MR. BLUMENFELD:  Your Honor, I am involved in |
| :11:54 | 21 | the CreateAds case and fully familiar with it.  That was the |
| :12:00 | 22 | case where I sang in the courtroom. |
| :12:03 | 23 | THE COURT:  I remember.  How could I forget? |
| :12:07 | 24 | MR. BLUMENFELD:  I remember, too, because I had |
| :12:10 | 25 | never done it before and I will never do it again. |

:12:14    1    And we do have, we think, a serious 101 issue.

:12:21    2    This patent has to do with a method for a mobile app for

:12:29    3    refilling prescriptions.  We do think that it falls within

:12:36    4    the 101 cases.  But we didn't raise it other than to flag it

:12:42    5    because everyone expects that the CLS decision is going to

:12:49    6    come down from the Supreme Court by the end of June.  We

:12:52    7    will see what happens, then we can pursue it.

:12:54    8    But we suggested in our papers and suggested to

:12:59    9    the plaintiff that maybe this case ought to wait to see how

:13:02   10    that comes out.

:13:05   11    Certainly, I don't know why there would be any

:13:08   12    point in going forward on expedited proceedings when we

:13:12   13    expect a decision in about six weeks, maybe less than six

:13:17   14    weeks.

:13:17   15    THE COURT:  I tend to agree with that.

:13:19   16    Any other defendants want to weigh in on this?

:13:23   17    Counsel for plaintiff, for Walgreen, you didn't

:13:26   18    propose a schedule to address your motion for a preliminary

:13:30   19    injunction.  You didn't propose an expedited schedule, did

:13:34   20    you?

:13:35   21    MR. McBRIDE:  Your Honor, we definitely planned

:13:37   22    to raise that at today's call.  We did not believe there was

:13:40   23    a spot for it in the joint status report.

:13:42   24    THE COURT:  Wouldn't you have needed to raise

:13:44   25    that with your opposing counsel during the 26?  Mr.

:13:51    1    Blumenfeld reports it wasn't brought up.

:13:52    2              MR. McBRIDE:  Your Honor, I don't believe that

:13:54    3    we needed to raise it during that call.  The parties have

:13:57    4    had multiple calls earlier in the case on that issue.  And

:14:00    5    there was a pending motion to defer filed by defendants in

:14:03    6    which they asked for that issue to be deferred until this

:14:06    7    very conference.

:14:07    8              THE COURT:  Yes.  But it seems to me, in order

:14:09    9    to be efficient, you would have wanted to have at least put

:14:12   10    me in a position to consider your proposal and have the

:14:16   11    other sides be afforded an opportunity to weigh in on the

:14:21   12    proposal for scheduling to address the motion for a

:14:26   13    preliminary injunction.  Am I missing something here?

:14:30   14              MR. McBRIDE:  Your Honor, we certainly believe

:14:32   15    that it was a topic that was going to come up today but did

:14:36   16    not need to come up in connection with the Rule 26(f)

:14:39   17    conference.  Certainly, it is referenced repeatedly in the

:14:43   18    papers that the parties filed.

:14:44   19              THE COURT:  It has come up.  But I don't think

:14:48   20    that I am able to address it in any meaningful way without

:14:55   21    you having first proposed something to the other sides and

:14:57   22    the other sides proposed, agreed or made counterproposals

:15:02   23    for my consideration.  So what I am going to do is enter a

:15:06   24    schedule in the case.

:15:10   25              You will spend a little of your client's money

| | | |
|---|---|---|
| :15:13 | 1 | up front, but hopefully, by at least the end of June, we |
| :15:19 | 2 | will have guidance from the Supreme Court that may or may |
| :15:22 | 3 | not bring this case to a screeching halt. |
| :15:28 | 4 | MS. GAZA:  Your Honor, if I could just clarify |
| :15:30 | 5 | one point with respect to the preliminary injunction |
| :15:33 | 6 | briefing issue. |
| :15:34 | 7 | THE COURT:  Go ahead. |
| :15:35 | 8 | MS. GAZA:  Your Honor, the parties have |
| :15:37 | 9 | exchanged proposals with respect to a briefing schedule, |
| :15:41 | 10 | mainly with Walgreen's position being that they believe |
| :15:45 | 11 | briefing should have proceeded in accordance with the Local |
| :15:48 | 12 | Rules absent some direction from the Court otherwise, but |
| :15:51 | 13 | has met and conferred with the defendants about possible |
| :15:54 | 14 | schedules after it had proposed an extended briefing |
| :16:02 | 15 | schedule that calls for extensive discovery related to the |
| :16:04 | 16 | preliminary injunction motion. |
| :16:07 | 17 | That has been before the defendants, and |
| :16:09 | 18 | plaintiff's counterproposal has been in front of the |
| :16:12 | 19 | defendants. |
| :16:14 | 20 | I believe what Mr. McBride was trying to explain |
| :16:18 | 21 | is that in our opposition to the motion to defer briefing, |
| :16:21 | 22 | Walgreen did provide argument with respect to why we believe |
| :16:28 | 23 | briefing should proceed on the preliminary injunction motion |
| :16:31 | 24 | and do so in accordance with the standard schedule for |
| :16:38 | 25 | motion practice under the Local Rule. |

:16:40   1        THE COURT:  Other side?

:16:44   2        MR. BLUMENFELD:  Your Honor, we did have

:16:48   3   discussions several weeks ago -- I don't remember exactly

:16:51   4   when that is -- about a preliminary injunction schedule.

:16:56   5        During the two weeks that the Local Rules give

:17:00   6   for an answering brief -- and as Ms. Gaza said, their

:17:07   7   position was we should just respond within the two weeks,

:17:10   8   notwithstanding that they put five declarations in and an

:17:13   9   expert.  And I won't get into the specifics.

:17:16   10        We proposed a schedule.  We did raise the 101

:17:19   11   issue.  But we proposed a schedule that would lead to the

:17:24   12   completion of proceedings by September, I believe.  That was

:17:31   13   pretty much rejected by the plaintiff.  We filed a motion to

:17:36   14   defer.  And as far as I know, there haven't been any

:17:40   15   conversations about a schedule on preliminary injunction in

:17:46   16   the, I am going to say, six weeks since then -- I think

:17:49   17   that's about right -- and certainly not during our phone

:17:53   18   call about the status report.

:17:58   19        What struck me a little bit is Mr. McBride

:18:01   20   saying that they expected to discuss it today.  They didn't

:18:06   21   know they had to discuss it on the phone call.  What we were

:18:08   22   discussing on the phone call was largely a schedule.  But

:18:11   23   the only schedule we were discussing was a schedule for the

:18:13   24   whole case, not for preliminary injunction.  That's why

:18:19   25   that, in combination with getting all the discovery that

| :18:21 | 1 | night, led us to believe that this wasn't even on the table. |
| :18:28 | 2 | THE COURT:  I think that was a reasonable |
| :18:29 | 3 | conclusion to draw, Mr. Blumenfeld. |
| :18:31 | 4 | Mr. McBride, what did you have in mind with |
| :18:35 | 5 | regard to briefing and a hearing on your motion? |
| :18:39 | 6 | MR. McBRIDE:  Your Honor, defendants have had |
| :18:42 | 7 | seven weeks now to consider Walgreen's motion as well as the |
| :18:45 | 8 | papers submitted in connection with their list.  Walgreen |
| :18:50 | 9 | would propose an additional three weeks for defendants to |
| :18:53 | 10 | respond, and then three weeks thereafter for Walgreen to |
| :18:58 | 11 | reply. |
| :18:58 | 12 | THE COURT:  And then? |
| :19:02 | 13 | MR. McBRIDE:  And then for the parties to |
| :19:04 | 14 | request, if appropriate and if permitted by the Court, oral |
| :19:09 | 15 | argument within seven days of the last brief going in. |
| :19:13 | 16 | THE COURT:  So that would put us in what month? |
| :19:19 | 17 | MR. McBRIDE:  That would put us at the end of |
| :19:21 | 18 | June for Walgreen's reply, and an oral argument sometime in |
| :19:26 | 19 | July. |
| :19:26 | 20 | THE COURT:  I am booked up, counsel.  I can tell |
| :19:32 | 21 | you that without looking at the schedule.  I am fairly |
| :19:37 | 22 | confident that I have trials double and in some instances |
| :19:41 | 23 | triple-booked every week of July. |
| :19:44 | 24 | So your position would be that, well, you should |
| :19:49 | 25 | push something aside, then, Judge.  Right? |

:19:53    1        **MR. McBRIDE:**  Your Honor, that is not Walgreen's

:19:55    2    position.  Walgreen's position is that we are obviously

:20:01    3    hoping to work with the Court to come up with an appropriate

:20:05    4    schedule.  Walgreen believes there is an appropriate

:20:10    5    schedule, and its request for preliminary injunctive relief

:20:13    6    should be addressed, obviously within the schedule of the

:20:16    7    Court as well.

:20:16    8        If the Court were to have an oral argument date

:20:19    9    after July, or earlier, Walgreen would certainly consider

:20:24   10    those.

:20:27   11        **THE COURT:**  Anybody else on the other side want

:20:29   12    to weigh in on this?

:20:32   13        **MR. BLUMENFELD:**  Your Honor, I feel like I am

:20:34   14    re-plowing old ground a little bit.  But Walgreen took

:20:40   15    months to prepare the motion.  There is no question about

:20:45   16    that.  And they knew their patent was going to issue in

:20:48   17    January.  They knew that for I don't know how long before

:20:51   18    that, but several weeks, maybe longer.  They were preparing

:20:54   19    their papers.  We know that.  And they had put in a 46-page

:20:59   20    expert declaration with 600 pages of exhibits.  They put in

:21:04   21    three employee declarations with financial-type information

:21:09   22    and marketing-type information.  They put in a lawyer

:21:13   23    declaration with 40 exhibits.  They have now served on us a

:21:17   24    lot of discovery.

:21:18   25        And for them to say, oh, we think that you

:21:21    1   should be able to respond in three weeks, we don't know why

:21:24    2   you need discovery, I have certainly never seen anything

:21:28    3   like that, where they get to make a record over a period of

:21:31    4   months and then try to limit us to three weeks.  And at the

:21:34    5   same time, of course, they are asking for a schedule of the

:21:38    6   whole case, where they are asking for a Markman hearing six

:21:41    7   months from now.

:21:42    8        The idea that they want to take the Court's time

:21:45    9   to do a preliminary injunction now over the next couple

:21:48   10   months and then come back in November and have a Markman

:21:51   11   hearing, and in the process jump over a lot of other cases

:21:58   12   that are pending before Your Honor, seems like it's asking

:22:03   13   for a lot.

:22:04   14        THE COURT:  I agree with you, Mr. Blumenfeld, in

:22:07   15   addition to your comments earlier about damages experts.

:22:11   16        So here is the bad news for you, Mr. McBride and

:22:19   17   Walgreen.  I am not going to entertain in any meaningful way

:22:24   18   your request for a preliminary injunction.  In effect, the

:22:30   19   motion to defer that matter will be granted to the extent

:22:36   20   that it seeks that relief.

:22:38   21        In fact, the motion to defer the proposed order

:23:05   22   only seeks deferral of this matter until the 16th, until

:23:09   23   today.

:23:11   24        Somebody on the defense side should prepare an

:23:17   25   order consistent, for my signature, with the ruling I just

:23:22    1    made.

:23:22    2            The good news, Mr. McBride, is I am going to

:23:26    3    adopt your schedule for the case.  I forgot to assign a

:23:29    4    Markman hearing date.  Hold on.  Bear with me a second,

:23:33    5    counsel.

:23:35    6            (Pause.)

:26:05    7            THE COURT:  I apologize for the delay, counsel.

:26:08    8            I am going to ask, Ms. Gaza, you and your

:26:11    9    colleagues, to prepare the case management order and have it

:26:16   10    filed by May 21, please.

:26:18   11            I am going to adopt the dates that have been

:26:23   12    proposed by the plaintiff in its column.

:26:28   13            Let me offer, as I usually do, the defendants an

:26:31   14    opportunity to contest or to discuss perhaps trying to

:26:36   15    convince me to take a different approach.  Is there anyone

:26:39   16    who wants to try to prevail upon me to do otherwise than

:26:44   17    what I have said I am going to do?

:26:48   18            MR. BLUMENFELD:  Your Honor, I am not going to

:26:50   19    try to convince you.  I am assuming you are going to go with

:26:54   20    the plaintiff's column.

:26:55   21            Otherwise, the only thing I would raise -- and

:27:00   22    we haven't really discussed this among the defendants -- is

:27:04   23    whether a Markman hearing in November is too early.

:27:10   24            Here is my concern:  that I think we owe it to

:27:16   25    you and to our clients to make sure we get the claim

|        |    |                                                                   |
|--------|----|-------------------------------------------------------------------|
| :27:19 | 1  | construction issues right and get them framed.  And that          |
| :27:27 | 2  | means doing it once and doing it right.  I am just a little        |
| :27:30 | 3  | concerned that if we go off on a course where we are going         |
| :27:34 | 4  | to be exchanging claim terms before we really understand           |
| :27:36 | 5  | what the case is about and writing Markman briefs, that we         |
| :27:40 | 6  | are going to be in the unfortunate situation where -- I know       |
| :27:45 | 7  | we have had this with you before -- where we are coming back       |
| :27:47 | 8  | later in the case and saying, oops, we didn't appreciate          |
| :27:50 | 9  | that this issue was going to be important.                         |
| :27:53 | 10 |             That is really my main concern, is just making        |
| :27:57 | 11 | sure that we have enough time to formulate the issues and         |
| :28:00 | 12 | have a Markman hearing where we can do it once and do it           |
| :28:05 | 13 | meaningfully.                                                      |
| :28:05 | 14 |             THE COURT:  What would you propose, given that        |
| :28:10 | 15 | it appears, at least, that I am prepared to adopt Walgreen's      |
| :28:14 | 16 | proposal?                                                          |
| :28:15 | 17 |             MR. BLUMENFELD:  I think I might like if you can      |
| :28:18 | 18 | do it move it from November into early next year, just            |
| :28:23 | 19 | giving us an extra, I wasn't going to suggest doing it over        |
| :28:29 | 20 | the holidays, just giving us an extra month or six weeks          |
| :28:33 | 21 | might be helpful in the process.                                  |
| :28:35 | 22 |             THE COURT:  Mr. McBride.                              |
| :28:36 | 23 |             MR. McBRIDE:  Your Honor, the case has been          |
| :28:39 | 24 | pending for three and a half months now.  Defendants have        |
| :28:42 | 25 | had the preliminary injunction papers for two months,            |

:28:45  1    almost.  Our schedule leaves in time for what defendants

:28:51  2    raised on Monday, which was to make sure we have the time to

:28:55  3    consider the parties' contentions, which is why we pushed

:28:58  4    back the terms to be construed until August.

:29:00  5           If the parties understand each other's

:29:01  6    contentions in mid-June, I think two months to consider them

:29:04  7    and formulate which terms need to be construed is adequate

:29:08  8    time.

:29:08  9           THE COURT:  Mr. Blumenfeld.

:29:11  10          MR. BLUMENFELD:  Well, mid-June is a month from

:29:13  11   now, Your Honor.  That is expecting a lot.  Even with large

:29:19  12   clients and sophisticated lawyers, that's moving pretty

:29:24  13   quickly.

:29:25  14          THE COURT:  Okay.  Hold on a second, counsel.

:29:27  15   Let me see.

:30:10  16          How about January 15 or January 19?  I think you

:30:19  17   proposed early January, Mr. Blumenfeld.

:30:22  18          MR. BLUMENFELD:  I did.  I am just going to look

:30:24  19   at those dates, and others on the phone, I assume, will look

:30:27  20   at their calendars.

:30:33  21          Those dates are fine with me.  Is January 19th

:30:38  22   not Martin Luther King Day?

:30:41  23          THE COURT:  I tried to pick the day after.  Let

:30:45  24   me look again.  I hope I was looking at the right year.

:30:48  25          I was looking at the wrong year.

:31:55      1          I was looking at the wrong year, Mr. Blumenfeld.

:31:57      2          I would say January 12.

:32:05      3          MR. BLUMENFELD:  January 12 looks fine for me.

:32:07      4    I guess I would ask the other counsel, Mr. Seitz and his

:32:11      5    co-counsel and Mr. Prinsky, whether January 12 looks all

:32:16      6    right on your calendars.

:32:21      7          MR. SEITZ:  Is it okay with you, Foley Hoag

:32:26      8    folks?

:32:26      9          UNIDENTIFIED SPEAKER:  Fine with us.

:32:27     10          MR. SEITZ:  Fine with me as well, Your Honor.

:32:29     11          MR. KRINSKY:  It is fine for Williams and

:32:31     12    Connolly.

:32:32     13          THE COURT:  Let's schedule it for 9:30.  It's a

:32:36     14    one-patent case.  Do we know how many claims are being

:32:38     15    asserted in this case yet?

:32:43     16          MR. BLUMENFELD:  There were a number asserted in

:32:44     17    the preliminary injunction papers.  I don't know how many

:32:46     18    will ultimately be asserted.

:32:50     19          THE COURT:  I am just trying to understand how

:32:52     20    much time we should set aside.

:32:56     21          MR. BLUMENFELD:  Your Honor, I guess you should

:32:58     22    hear from Mr. McBride.  But I think half a day would be

:33:02     23    fine, given the nature of the technology.

:33:07     24          THE COURT:  Mr. McBride.

:33:08     25          MR. McBRIDE:  Your Honor, I think a three-hour

| | | |
|---|---|---|
| :33:14 | 1 | hearing would be sufficient, a half a day, as Mr. Blumenfeld |
| :33:18 | 2 | mentioned, if defendants plan to consolidate their |
| :33:21 | 3 | arguments. |
| :33:22 | 4 | THE COURT:  I imagine that's what's being |
| :33:24 | 5 | proposed.  Right, Mr. Blumenfeld, Mr. Seitz, others? |
| :33:27 | 6 | MR. BLUMENFELD:  Yes, sir.  We will do that. |
| :33:29 | 7 | THE COURT:  Mr. McBride, if it is any |
| :33:33 | 8 | consolation, that is only slightly more than a month than I |
| :33:37 | 9 | had originally planned, which was going to be December 11. |
| :33:40 | 10 | That's what I could accommodate under your proposal, the |
| :33:44 | 11 | earliest I could have accommodated the Markman hearing.  You |
| :33:46 | 12 | haven't lost much there at all. |
| :33:49 | 13 | All right. |
| :33:50 | 14 | MR. McBRIDE:  Thank you, Your Honor. |
| :33:52 | 15 | THE COURT:  We will use that date. |
| :33:54 | 16 | Then the pretrial order -- |
| :33:57 | 17 | MR. BLUMENFELD:  Your Honor, I assume that we |
| :34:00 | 18 | can adjust the other dates leading up to that.  When would |
| :34:03 | 19 | you like the final brief in? |
| :34:06 | 20 | THE COURT:  At least 30 days in advance, Mr. |
| :34:08 | 21 | Blumenfeld. |
| :34:10 | 22 | MR. BLUMENFELD:  Thank you. |
| :34:11 | 23 | THE COURT:  In terms of your expert reports, you |
| :34:16 | 24 | should still be able to keep the expert discovery schedule, |
| :34:21 | 25 | if I stick to my usual practice of getting the order out |

:34:25    1    more or less in 30 days.  Would you agree?

:34:33    2            MR. BLUMENFELD:  I think that would work.

:34:37    3    Perhaps if we add a few extra days, we will figure out how

:34:41    4    to do that.  But I think that's fine.

:34:42    5            THE COURT:  Fine with me.

:34:44    6            Mr. McBride, okay with you?

:34:45    7            MR. McBRIDE:  Walgreen agrees, Your Honor.

:34:47    8            THE COURT:  In other words, I am agreeing that

:34:49    9    counsel can make appropriate adjustments, given the date I

:34:54   10    just gave you in the expert discovery schedule.

:34:56   11            So moving on to the due date for the proposed

:34:59   12    final pretrial order, that will be close of business

:35:04   13    10/16/2015.

:35:06   14            This is as good a time as any.  I think I am

:35:09   15    going to adopt Judge Robinson's p.m. deadline.  That is

:35:14   16    close of business for me, moving forward.

:35:19   17            MS. GAZA:  Yes, Your Honor.  Thank you.

:35:20   18            THE COURT:  Pretrial conference will occur here

:35:23   19    in Wilmington on November the 17th, 2015, beginning at

:35:29   20    10:00.

:35:30   21            And we will bring this case to trial beginning

:35:33   22    11/30/2015.

:35:38   23            Now, at this stage, counsel, my decided

:35:42   24    inclination is that these cases are going to be tried

:35:45   25    together.  That is subject to my being persuaded otherwise

| | |
|---|---|
| :35:50 | 1 |

at the pretrial conference.  But you should plan on these

cases being consolidated for all purposes.

MR. BLUMENFELD:  Your Honor, we understand.

Depending on how the case develops, I think we may raise

that issue.  We do have a situation here where the

defendants are competitors, each with their own products.

Our thinking, especially after the AIA, was that we would

get separate trials.  That's still our thinking.

But I heard you.  And we will raise it when we

need to raise it.  I want to make sure that we have

preserved our position that the defendants can ask for

separate trials.

THE COURT:  Absolutely.  That was the intent of

my comment.  I certainly understand the AIA.  But I don't

think Rule 42 has been rescinded yet, has it?

MR. BLUMENFELD:  No.  Congress is probably

working on that.

THE COURT:  Yes.  They probably are.  Until the

rules committee does otherwise, the cases even from the

Federal Circuit still leave me with broad discretion in this

regard, and I intend to exercise it appropriately where I

deem it appropriate to do so.

Assuming a consolidated proceeding, I see no

reason to schedule this for any more than eight days.

Anybody want to take issue with that?

:37:16  1     MR. McBRIDE: That is acceptable to Walgreen,

:37:18  2 Your Honor.

:37:20  3     MR. BLUMENFELD: That sounds fine, Your Honor.

:37:22  4     MR. SEITZ: Sounds right here, Your Honor.

:37:26  5     THE COURT: Okay. Hold on a second, counsel.

:37:35  6     So I see that you are amenable to referral of

:37:40  7 this matter to our Magistrate Judge. Just please include a

:37:46  8 paragraph to that effect in the case management order, Ms.

:37:52  9 Gaza. You don't need to name, as I think you know, the

:37:54  10 specific Magistrate Judge. It will likely be Chief

:38:00  11 Magistrate Judge Thynge, because that's who works with me

:38:01  12 and Judge Andrews.

:38:06  13     I didn't see any other issues under Other Issues

:38:08  14 that needed to be discussed with me. They were, as I read

:38:13  15 it, simply being flagged.

:38:15  16     Are there other matters that we shall discuss

:38:17  17 today?

:38:20  18     MR. McBRIDE: Your Honor, I would ask for

:38:24  19 clarification regarding the motion to defer. The motion to

:38:27  20 defer briefing on the preliminary injunction motion is being

:38:31  21 deferred until after the Court decides the CLS Bank case,

:38:34  22 such that Walgreen should address the issue again at that

:38:38  23 time?

:38:44  24     THE COURT: Are you getting at the, really, is

:38:53  25 what you are really asking me about, is it the motion for

| | |
|---|---|
| :38:56 | 1 |
| :39:00 | 2 |
| :39:01 | 3 |
| :39:05 | 4 |
| :39:11 | 5 |
| :39:13 | 6 |
| :39:43 | 7 |
| :39:48 | 8 |
| :39:52 | 9 |
| :40:01 | 10 |
| :40:06 | 11 |
| :40:10 | 12 |
| :40:11 | 13 |
| :40:15 | 14 |
| :40:21 | 15 |
| :40:27 | 16 |
| :40:29 | 17 |
| :40:33 | 18 |
| :40:37 | 19 |
| :40:41 | 20 |
| :40:45 | 21 |
| :40:47 | 22 |
| :40:50 | 23 |
| :40:51 | 24 |
| :40:54 | 25 |

preliminary injunction?  Is that what you are really asking me about?

MR. McBRIDE:  Yes, Your Honor, with respect to the motion for preliminary injunction.

THE COURT:  Hold on.

(Pause.)

THE COURT:  Counsel, I am going to let you, offline -- let me ask this question first of Mr. Blumenfeld and company.  Did I understand that in advance of responding by way of answering briefs that you were going to need to take discovery, in your view?

MR. BLUMENFELD:  Yes, sir, no question about that.  We are going need to take a fair amount of discovery, considering the factual record and the expert record that the plaintiff made.

THE COURT:  So certain aspects of the discovery that will be taken in the normal course under the schedule we have just implemented would have to be staged in a way perhaps sooner rather than later to address the issues raised in the motion, or am I incorrect about that?

MR. BLUMENFELD:  I think that's right, Your Honor.  It is a little hard to know all the discovery we will need.

Of course, the other issue that almost certainly will come up if there is a preliminary injunction hearing

| | | |
|---|---|---|
| :40:58 | 1 | will be claim construction. |
| :41:01 | 2 | THE COURT:  Yes. |
| :41:22 | 3 | I don't have, I think, a really good answer for |
| :41:28 | 4 | you, Mr. McBride, certainly not one that is going to please |
| :41:33 | 5 | you.  I just don't see how you can expect this motion to be |
| :41:39 | 6 | addressed in the manner you suggest, given the needs of all |
| :41:44 | 7 | parties to develop sufficiently a record upon which to |
| :41:48 | 8 | prosecute -- you have your record -- and to defend against |
| :41:52 | 9 | the averments in your motion.  That's going to take away |
| :41:59 | 10 | substantially, is it not, from the defendants' ability to |
| :42:04 | 11 | prepare, but also the Court's ability to deal with the |
| :42:10 | 12 | issue, to order its resources and schedule in a way to deal |
| :42:16 | 13 | with your motion? |
| :42:18 | 14 | This is not like the case I recently had, and |
| :42:26 | 15 | that took a time to get to hearing, that you may have read |
| :42:30 | 16 | about in Edwards Lifesciences versus Medtronic CoreValve. |
| :42:34 | 17 | This is not even close to being to that category of case |
| :42:42 | 18 | that I would conclude warrants extraordinary actions by the |
| :42:46 | 19 | Court to address. |
| :42:50 | 20 | Are you familiar with that case? |
| :42:53 | 21 | MR. McBRIDE:  Yes, we are, Your Honor.  We are |
| :42:55 | 22 | familiar with the facts of that case generally. |
| :43:00 | 23 | With respect to this case in particular, |
| :43:02 | 24 | Walgreen, we do believe that defendants have had sufficient |
| :43:06 | 25 | time to consider the briefing.  With respect to the |

:43:11   1   discovery, Walgreen has set forth why it does not believe

:43:14   2   defendants are in need of discovery on infringement.

:43:17   3   Everything is in defendants' possession with respect to

:43:19   4   their apps, their systems.

:43:22   5           With respect to validity, they are relying

:43:24   6   largely on the public record or to a certain extent they are

:43:27   7   relying on claims, communications made by one of the

:43:31   8   defendants to Walgreen.  Those communications have been

:43:36   9   detailed in an answer and counterclaim in 23 factual

:43:41   10  paragraphs.

:43:43   11          With respect to irreparable harm, certainly,

:43:45   12  defendants can respond to Walgreen's assertion.

:43:50   13          With respect to the number of pages that

:43:51   14  defendants have pointed to, let me just note that the 600

:43:56   15  pages I think that they are referring to, the file history

:44:00   16  was lengthy, it was over 400 pages and it was submitted in

:44:04   17  its entirety.

:44:06   18          With respect to the timing of the motion,

:44:08   19  Walgreen certainly believes it was urgent that it was filed.

:44:13   20  Defendants no doubt would have raised an argument that the

:44:17   21  testing done was not done during the period of issuance of

:44:20   22  the patent and therefore would be invalid to show

:44:23   23  infringement if it had not been done after issue issuance of

:44:27   24  the patent.

:44:28   25          These apps change a lot of times.  The versions

:44:34   1   have changed.  The iterations of those versions have changed

:44:37   2   multiple times.  And also, the refill process brings up a

:44:41   3   unique aspect in this case when you can't just get a

:44:44   4   prescription filled from defendants, and keeping in mind

:44:47   5   that even though the prescriptions are legal documents

:44:50   6   themselves, they would have to be obtained from a physician,

:44:54   7   but they also have to be refilled, which can't just be done

:44:57   8   immediately after a prescription is had in the first

:45:00   9   instance.

:45:01   10   THE COURT:  Mr. Blumenfeld and company, your

:45:12   11   colleagues, is it your view that in order to address the

:45:16   12   irreparability factor, that discovery would be needed?

:45:22   13   MR. BLUMENFELD:  Absolutely, Your Honor.  And

:45:24   14   one of the reasons for that is because, as I said before,

:45:28   15   they put in three declarations from their employees,

:45:34   16   managers of various parts of their business, with summary

:45:41   17   opinions and virtually no backup data.  A little bit of

:45:45   18   data, but not much of anything, you know, to support it,

:45:48   19   just saying, we are being harmed, here's why, here's how.

:45:52   20   We are going to need, if we were to go forward,

:45:55   21   we have an expert to deal with.  We have their three

:46:00   22   employees plus perhaps others to deal with.  We have

:46:03   23   inventors to deal with.  The development of the invention.

:46:06   24   There is, in addition to the 101 issue that has

:46:08   25   been specifically pled, an inventorship issue by the CEO of

:46:14    1    mscripts, one of the defendants who claims to be a

:46:21    2    co-inventor, an omitted inventor on the patent.

:46:24    3            THE COURT:  I saw that.

:46:26    4            MR. BLUMENFELD:  The communications he had with

:46:28    5    Walgreen prior to the filing of the patent application.

:46:32    6            There are just a lot of facts here in addition

:46:35    7    to the legal issues and the claim construction.

:46:37    8            THE COURT:  Mr. Blumenfeld, what do you and your

:46:39    9    colleagues, what would you propose, if you were sitting in

:46:42    10    my shoes, that I do under the circumstances?

:46:46    11            MR. BLUMENFELD:  Well, Your Honor, having just

:46:51    12    given to plaintiff the schedule that they asked for to get

:46:56    13    to trial, which is faster than other cases that I have had

:47:00    14    before Your Honor which were filed earlier, as I said

:47:03    15    before, I think it's a lot to ask to say, Judge, you know,

:47:09    16    give us a very quick preliminary injunction and then give us

:47:14    17    a quick trial schedule.  And the way I have seen it, that by

:47:21    18    waiting as long as they did to file the motion, failing to

:47:26    19    even discuss it with us before we got on the phone today, I

:47:31    20    would suggest for the defendants that we should go forward

:47:34    21    down the path towards claim construction and trial, and just

:47:42    22    move in that direction.

:47:44    23            THE COURT:  So, Mr. Blumenfeld, we are having

:47:48    24    this additional discussion at Mr. McBride's request, for

:47:51    25    clarification.  So let me reiterate something that I think I

| | | |
|---|---|---|
| :47:57 | 1 | said earlier.  And I will ask, Mr. Blumenfeld, you or one of |
| :48:00 | 2 | your colleagues, to prepare an order something along the |
| :48:04 | 3 | lines of that which you attached to the motion to defer that |
| :48:06 | 4 | reflects that the Court is deferring consideration of this |
| :48:12 | 5 | motion for a preliminary injunction until further notice. |
| :48:17 | 6 | Mr. McBride, you are left to other recourse. |
| :48:20 | 7 | You have other recourse, that if you elect, you can take, |
| :48:25 | 8 | with the CAFC.  Okay? |
| :48:28 | 9 | MR. McBRIDE:  Your Honor, is the motion being |
| :48:35 | 10 | denied? |
| :48:36 | 11 | THE COURT:  As a practical matter, it is.  I |
| :48:42 | 12 | have not exactly ruled on the merits.  I haven't had a -- as |
| :48:50 | 13 | a practical matter it is, yes.  But I am not formally |
| :48:59 | 14 | ruling.  It hasn't been briefed and put before me.  I am not |
| :49:05 | 15 | going to put the defendants and the Court to the burden that |
| :49:11 | 16 | you would have me put us all in order to address your |
| :49:15 | 17 | request.  I do agree with Mr. Blumenfeld's observations |
| :49:21 | 18 | regarding the totality of the circumstances under which this |
| :49:27 | 19 | motion has been filed and pursued to this very moment. |
| :49:35 | 20 | So, yes, I am asking the defendants, I am |
| :49:41 | 21 | ordering the defendants to prepare an order that tables this |
| :49:46 | 22 | motion for a preliminary injunction until further notice . |
| :49:51 | 23 | That way you have a ruling that if you want to |
| :49:54 | 24 | seek mandamus or whatever in the CAFC, you can do that. |
| :49:59 | 25 | MR. McBRIDE:  Understood, Your Honor. |

:50:01   1              THE COURT:  Okay.  Anything else?

:50:04   2              MR. McBRIDE:  Thank you, Your Honor.

:50:06   3              MR. BLUMENFELD:  Not from CVS or Rite Aid.

:50:10   4              MR. SEITZ:  Nothing here, Your Honor.

:50:14   5              THE COURT:  Okay.  Counsel, take care.

:50:19   6              (Conference concluded at 2:50 p.m.)

:50:19   7                         -  -  -

:50:19   8     Reporter:  Kevin Maurer

         9

        10

        11

        12

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25