**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALGREEN CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-123-GMS |
| | ) |
| CVS PHARMACY, INC., | ) CONSOLIDATED |
| | ) |
| Defendant. | ) |
| | ) |
| WALGREEN CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-124-GMS |
| | ) |
| RITE AID CORPORATION and | ) |
| RITE AID HDQTRS. CORP., | ) |
| | ) |
| Defendants. | ) |
| WALGREEN CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-125-GMS |
| | ) |
| SHOPKO STORES OPERATING CO., LLC | ) |
| and MSCRIPTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

01:15728169.1

IT IS HEREBY STIPULATED AND AGREED, by and between Walgreen Co. ("Walgreens"), on the one hand, and CVS Pharmacy, Inc. ("CVS"), Rite Aid Corporation and Rite Aid Hdqtrs. Corporation ("Rite Aid"), Shopko Stores Operating Co., LLC ("Shopko") and mscripts, LLC ("mscripts") (collectively, "Defendants"), on the other hand, that, consistent with the terms set forth herein, this Stipulated Protective Order shall govern the handling of all materials produced in this action ("Produced Material"), by any Party or nonparty (the "Producing Party") to any Party (the "Receiving Party"), including, but not limited to, documents (including electronically stored information) and things produced pursuant to Rule 34 or Rule 45; testimony upon written questions pursuant to Rule 31; testimony adduced at depositions upon oral examination and transcripts, videotapes, and exhibits thereof pursuant to Rule 30; discovery requests and written responses thereto pursuant to Rules 33 or 35; and discoverable materials derived from any of the foregoing.

1) <u>**"Confidential," "Highly Confidential – Attorneys Eyes Only," "Highly Confidential – Prosecution Bar," and "Highly Confidential - Code" Material**</u>

(a)     The Producing Party, whether or not a Party to this action, may designate as "Confidential" pursuant to this Stipulated Protective Order any Produced Material that the Producing Party in good faith represents not to be in the public domain and to contain any trade secrets within the meaning of the Uniform Trade Secrets Act or other confidential or proprietary information, including, without limitation, financial, strategic, research, development, manufacturing costs or other costs of doing business, technical, personal or commercial information, or any other information not normally revealed to third parties or, if revealed to third parties, is such that the Producing Party would require that the material be held in confidence. Any Produced Material that a Producing Party is required, by agreement or court order, to treat as confidential may be designated as "Confidential" in accordance with this

Stipulated Protective Order. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain materials designated as "Confidential" shall also be treated and designated as "Confidential" in accordance with this Stipulated Protective Order.

(b)     The Producing Party, whether or not a Party to this action, may designate as "Highly Confidential – Attorneys Eyes Only" pursuant to this Stipulated Protective Order, any Produced Material that the Producing Party in good faith believes not to be in the public domain and to reveal or reflect: (i) highly sensitive trade secrets, intellectual property, or proprietary technical information, including, without limitation, research information, design and technical documents and internal product specifications; (ii) highly sensitive business, financial or marketing information, including, without limitation, licenses, forecasts, customer lists, pricing data, cost data, customer orders, customer quotations and marketing plans; (iii) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available; (iv) information relevant to new product or service development, namely, service(s), software, program(s), product(s) and/or component(s) that have not yet been released to market, as well as to new feature(s) or component(s) that have not yet been released to market and that are intended to be added to an otherwise existing service, software, program, product or component; or (iv) such other documents, information, or materials that relate to proprietary information that the Producing Party reasonably believes is entitled to extraordinary protection or is of such nature and character that the unauthorized disclosure of such information is likely to harm the competitive or economic position of the Producing Party or provide improper advantage to others. Any Produced Material that a Producing Party is required, by agreement or court order, to treat as highly confidential or attorneys eyes only may be treated

and designated as "Highly Confidential – Attorneys Eyes Only" in accordance with this Stipulated Protective Order.

(c)     Any Party may designate as "Highly Confidential – Prosecution Bar" pursuant to this Stipulated Protective Order, any Produced Material that reveals or reflects information constituting or relating to new product or service development in the subject matter area of technology relating to mobile apps for refill-by-scan in the pharmacy industry, namely, service(s), software, program(s), product(s) and/or component(s) that have not yet been released to market, as well as to new feature(s) or component(s) that have not yet been released to market and that are intended to be added to an otherwise existing service, software, program, product or component.

(d)     The Producing Party, whether or not a Party to this action, may designate as "Highly Confidential – Code" any computer-executable instructions, including but not limited to object code, machine code, compiled code and executable code (collectively, "Executable Code"), or any human-readable computer program instructions or code written in a programming language, including pseudocode, comments or remarks thereto, (collectively, "Source Code"), as well as any documentation, excerpts, summaries, and copies thereof.    Executable Code is excluded from the definition of "Source Code" and is governed by Paragraph 5 of this Stipulated Protective Order.[1]

---

[1] By agreeing to terms for the handling of any Source Code that is produced in this case, no party concedes that it should be required to produce Source Code, and each party reserves the right to object to a request for the production of Source Code.

**2)** **Designation of Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar, and Highly Confidential - Code Material**

(a) All Produced Materials designated as Confidential ("Confidential Material"), Highly Confidential – Attorneys Eyes Only ("Highly Confidential – Attorneys Eyes Only Material"), Highly Confidential – Prosecution Bar ("Highly Confidential – Prosecution Bar Material"), or Highly Confidential – Code ("Highly Confidential – Code Material") will be so identified and labeled by the Producing Party. In the case of paper documents or documents produced electronically in PDF or TIFF format, the designation shall appear on every page of any document that is so designated. In the case of electronic documents not produced in PDF or TIFF format, the designation shall appear on the face of the disk containing the documents. If a Party utilizes any information printed from a disk so designated, that Party shall affix the appropriate designation on each of the printed pages. In the case of all other Produced Material, the designation shall appear prominently on the Produced Material to the extent it is practicable.

(b) If Produced Materials cannot be labeled, they shall be designated as Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, or Highly Confidential – Code in a manner to be agreed upon by the parties.

(c) The identification and labeling specified in Paragraphs 2(a) and 2(b) of this Stipulated Protective Order shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, and when a copy of the document or thing is produced. In the case of hearing and deposition transcript pages, the Producing Party shall advise the Parties of the specific pages to be maintained in confidence within fourteen (14) days after the receipt of the final transcript. Prior to the expiration of that period, unless a different designation is given by the Producing Party, the entire transcript shall be deemed to be Highly

Confidential – Attorneys Eyes Only pursuant to this Stipulated Protective Order and shall be treated as such.

**3)** **Challenges to Designations of Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, and Highly Confidential - Code Material**

(a)    If any Receiving Party disagrees with the designation of any Produced Material as Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, or Highly Confidential – Code, then the parties to the dispute (the Producing Party and the "Objecting Party"), after providing notice to all Parties in the action, shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court. All such Produced Material objected to shall continue to be treated as Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, or Highly Confidential – Code, as originally designated by the Producing Party, pending resolution of the dispute. If the dispute is resolved, then all Parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, then the Objecting Party may bring a motion to change the designation pursuant to Paragraph 5(e) of the Scheduling Order in this matter. If the Producing Party is a party to this action, then it bears the burden of establishing that the Produced Material is properly designated within the definitions of those terms in Paragraph 1. If the Producing Party is not a party to this action, then the Objecting Party bears the burden of establishing that the Produced Material is not properly designated within the definitions set forth in Paragraph 1. The Produced Materials shall continue to be treated as Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, or Highly Confidential – Code, as originally designated by the Producing Party, during the pendency of any motion and resulting writ or related appeal.

(b)     A Party may challenge the Producing Party's designation of the material at any time and is not obligated to challenge the propriety of a designation when the Produced Material is initially produced. Failure of any Party to challenge the claim of confidentiality with respect to any Produced Material shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

4)     **Disclosure and Use of "Confidential," "Highly Confidential – Attorneys Eyes Only," "Highly Confidential – Prosecution Bar," and "Highly Confidential - Code" Material.**

Confidential Materials, Highly Confidential – Attorneys Eyes Only Materials, Highly Confidential – Prosecution Bar Materials, or Highly Confidential – Code Materials shall be used solely for the purpose of the above-captioned actions and not for any other purpose, and may be disclosed only to those persons as set forth in Paragraphs 4(a) and 4(b).

(a)     <u>Confidential Material</u>. Confidential Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order only to the following persons and under the following conditions:

(i)     Outside Counsel. Attorneys who are admitted to practice law in the United States, who subject themselves to the jurisdiction of the United States District Court for the District of Delaware and who are employed by or are partners of, or of counsel of, Young Conaway Stargatt & Taylor, LLP and McAndrews, Held and Malloy, Ltd. (retained by Walgreens); Morris, Nichols, Arsht & Tunnell LLP and Williams & Connolly LLP (retained by CVS); Morris, Nichols, Arsht & Tunnell LLP (retained by Rite Aid); and the law firms of Seitz Ross Aronstam & Moritz LLP and Foley Hoag LLP (retained by Shopko and

mscripts), and who actively are involved in the above-captioned actions, as well as patent agents working under the direction of such attorneys (collectively, "Outside Counsel"), and in addition secretarial, stenographic, clerical, and paralegal employees to the extent necessary to assist such attorneys in the conduct of the above-captioned actions;

(ii)     In-House Counsel. Attorney-employees of Walgreens, CVS, Rite Aid, mscripts and Shopko, who are responsible for the above-captioned actions and who have submitted to the jurisdiction of this Court for purposes of enforcement of the terms of this Order ("In-House Counsel"), as well as administrative or secretarial personnel working under the supervision of, in collaboration with, or at the direction of In-House Counsel. Prior to the disclosure of Confidential Material to In-House Counsel in accordance with this Paragraph, the names and titles of such In-House Counsel shall be disclosed to all Parties. Such In-House Counsel shall not be subject to the objection(s) pursuant to Paragraph 6;

(iii)     In-House Employees. Non-attorney employees of Walgreens (maximum of two (2) total), CVS (maximum of two (2) total), Rite Aid (maximum of two (2) total), mscripts (maximum of two (2) total) and Shopko (maximum of two (2) total), who were not specifically hired or retained for any purpose related to the above-captioned actions ("In-House Employees"). Prior to the disclosure of Confidential Material to In-House Employees in accordance with this Paragraph, In-House Employees must complete and sign an undertaking in the form attached as Exhibit A, a copy of which shall be maintained by Outside

Counsel.  Such In-House Employees need not be identified or disclosed to the Parties prior to any disclosure of Confidential Material, nor shall they be subject to the objection(s) pursuant to Paragraph 6;

(iv)    Experts.   Outside  Experts  (Testifying,  Non-Testifying,   or Consultant) who are not employees of Walgreens, CVS, Rite Aid, mscripts or Shopko, and who were specifically hired or retained for purposes of the above-captioned actions ("Experts"), as well as their administrative and clerical staff. Prior to the disclosure of Confidential Material to Experts in accordance with this Paragraph, Experts must be identified by completing and signing an undertaking in the form attached as Exhibit A, a copy of which shall be provided to the Parties prior to any disclosure of Confidential Material, and shall be subject to the objection(s) pursuant to, and in the manner prescribed in, Paragraph 6;

(v)     Non-Expert Consultants. Outside non-expert consultants, such as jury consultants and mock jurors, electronic evidence consultants, or other non-substantive expert consultants who are not employees of Walgreens, CVS, Rite Aid, mscripts or Shopko, and who were specifically hired or retained for purposes of the above-captioned actions ("Non-Expert Consultants"). Prior to the disclosure of Confidential Material to Non-Expert Consultants in accordance with this Paragraph, Non-Expert Consultants must complete and sign an undertaking in the form attached as Exhibit A, a copy of which shall be maintained by Outside Counsel.  Such Non-Expert Consultants need not be identified or disclosed to the Parties prior to any disclosure of Confidential Material, nor shall they be subject to the objection(s) pursuant to Paragraph 6;

(vi)    Litigation Vendors. Outside photocopy, imaging, database, graphics, translation, and design services retained by the Outside Counsel to the extent necessary to assist such Outside Counsel in the above-captioned actions. Litigation vendors must complete and sign an undertaking in the form attached as Exhibit A, a copy of which shall be maintained by Outside Counsel;

(vii)   Court Reporters. Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

(viii)  Court Personnel. Officers of this Court (including the jury) and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought and their supporting personnel; and

(ix)    Drafters or Recipients. Any witness at deposition or trial who was an author, addressee, or intended and/or authorized recipient of the Confidential Material may see and use, but not retain a copy of, the Confidential Material.

(b)     <u>Highly Confidential – Attorneys Eyes Only Material</u>.  Highly Confidential – Attorneys Eyes Only Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order and only to the persons identified in Paragraph 4(a)(i)-(ii) and 4(a)(iv)-(ix).

(c)     <u>Highly Confidential – Prosecution Bar Material</u>.

(1)     Highly Confidential – Prosecution Bar Material produced by a Prosecution Bar Participating Party, defined in Paragraph 14(a), may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order and only to the persons identified in Paragraph 4(a)(i) and 4(a)(iv)-(ix); provided, however, that any recipients of such information identified in Paragraphs

4(a)(i) must first be designated as "Designated – Prosecution Bar Recipient," pursuant to Paragraph 14(b) and therefore subject to the provisions of Paragraph 14(c), prior to receiving any such disclosure, summarization, description, revelation, or other availability or access to Highly Confidential Prosecution Bar Material.

(2)     Highly Confidential – Prosecution Bar Material produced by any Party that is not a Prosecution Bar Participating Party may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order and only to the persons identified in Paragraph 4(a)(i)-(ii) and 4(a)(iv)-(ix); provided, however, that (i) such material may not be disclosed to attorney-employees of a Prosecution Bar Producing Party identified in Paragraph 4(a)(ii); and (ii) any recipients of such information identified in Paragraphs 4(a)(i) who are Outside Counsel of a Prosecution Bar Producing Party must first be designated as "Designated – Prosecution Bar Recipient," pursuant to Paragraph 14(b) and therefore subject to the provisions of Paragraph 14(c), prior to receiving any such disclosure, summarization, description, revelation, or other availability or access to Highly Confidential Prosecution Bar Material.

(d)     Highly Confidential – Code Material.   Highly Confidential – Code Material may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Stipulated Protective Order and only to the persons identified in Paragraph 4(a)(i), 4(a)(iv)-(ix).

(e)     Advice to Client. Nothing in this Stipulated Protective Order shall bar or otherwise restrict Outside Counsel or In-House Counsel, who is a qualified recipient under the terms of this Stipulated Protective Order, from rendering advice to his or her client with respect to the above-captioned actions, and in the course thereof, from generally relying upon his or her

examination of Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material, to the extent he or she is allowed pursuant to Paragraph 4. In rendering such advice or in otherwise communicating with the client, counsel shall not disclose the specific content of any Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, and Highly Confidential – Code Material where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

**5)**     **<u>Access to Highly Confidential – Code Materials</u>**

In addition to the provisions of Paragraph 4, a Producing Party may make Highly Confidential – Code Materials ("Code") available according to the additional restrictions and provisions of this Paragraph instead of by producing it in TIFF or PDF form.

(a)     The Producing Party need not provide Executable Code, except as provided for in Paragraph 5(i), and no electronic copies of Code may be made, except by the Producing Party or as permitted hereunder. Under no circumstances shall Source Code be compiled into Executable Code by the Receiving Party or its Experts authorized to view the Code pursuant to Paragraph 4(b) ("Authorized Expert(s)").

(b)     If Code is produced by inspection, it shall be made available for inspection and analysis at either the office of the Producing Party's Outside Counsel (in Wilmington, Delaware; Chicago, Illinois; Washington D.C.; or Boston, Massachusetts), or another mutually agreed upon location.

(c)     The Producing Party shall make its Code available for inspection to Outside Counsel and Authorized Expert(s) for the Receiving Party during normal business hours (9:00 a.m. to 6:00 p.m. local time, Monday–Friday, excluding holidays), unless otherwise agreed, upon five (5) business days' notice.  The notice shall provide the name of all individuals, including attorneys,

seeking access to the Source Code on behalf of the Receiving Party, the expected length of time needed for the review, and any specific software the Receiving Party requests be loaded on the Source Code Review computer.

(d)     The Producing Party shall provide a computer system (the "Inspection Computer") for reviewing and analyzing the Code.  At the Producing Party's option, the Inspection Computer may be a "stand-alone" computer, *i.e.*, not connected to a network or the Internet.  The Inspection Computer shall include software utilities that will allow Outside Counsel and Authorized Expert(s) to view, search, and analyze the source code.  At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.  If the Outside Counsel or Authorized Expert(s) for the Receiving Party is unable to view any portion of the Code, the Outside Counsel or Authorized Expert(s) for the Receiving Party will notify the Producing Party of the portions of Code that cannot be reviewed. The Producing Party will take reasonable steps to ensure that the Outside Counsel or Authorized Expert(s) for the Receiving Party is able to review such portions, including loading any necessary software to facilitate review, such software to be identified by the Receiving Party.

(e)     Outside Counsel and Authorized Expert(s) for the Receiving Party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that the Outside Counsel and Authorized Expert(s) shall not make verbatim copies of any Code. Any such notes shall be maintained as Highly Confidential – Code Materials pursuant to this Stipulated Protective Order and treated as such by the Outside Counsel and Authorized Expert(s).

(f)     Outside Counsel and Authorized Expert(s) for the Receiving Party may not copy, remove, or otherwise transfer any portion of the Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Outside Counsel and

Authorized Expert(s) for the Receiving Party during any Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Code.

(g)     During or after inspection, Outside Counsel for the Receiving Party may request from the Producing Party THREE (3) paper copies of reasonable portions of Code, but not Executable Code, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers for this action, or for deposition or trial. To reduce the possibility of miscommunication and printing of incorrect portions of code, the Inspection Computer shall either permit printing during the Receiving Party's inspection or shall permit printing to PDF for subsequent hard-copy printing and designation by the Producing Party. The Producing Party shall mark the paper copy of Code clearly and prominently as set forth in Paragraph 2 above and affix individual production numbers on each page. After designation, the Producing Party shall provide such paper copy of the Code to Outside Counsel for the Receiving Party within four (4) business days of the request, unless otherwise agreed. The Producing Party may challenge the amount of Code requested in paper copy, but for purposes of this section, requests for less than 200 pages of Code shall be deemed reasonable.  The parties to the dispute (the Producing Party and the Receiving Party) shall attempt to resolve the dispute informally and in good faith before presenting the dispute to the Court. If the dispute cannot be resolved informally, then the Producing Party may bring a motion to challenge the amount of Code requested in paper copy pursuant to Paragraph 5(e) of the Scheduling Order in the above-captioned actions. If the Producing Party is a party to this action, then it bears the burden of establishing that the amount of Code requested in paper copy is excessive. If the Producing Party is not a party to this action, then the Receiving Party bears the burden of establishing that the amount of Code requested in paper copy is not excessive.

(h)     Only those persons identified in Paragraph 4(b) are permitted to access any portion of the Code in electronic or paper form. The paper copy provided by the Producing Party

pursuant to Paragraph 5(g) shall be kept in a secured area under lock and key under the custody and control of Outside Counsel of record or Authorized Expert(s) for the Receiving Party. The paper copy of Code may not be converted into any electronic format (including for emailing or storage in any electronic document database) except as needed for filing and service of papers, motions, and pleadings as required by the Court and this Order. The paper copy of Code may not itself be copied by the Receiving Party, except when necessary as exhibits for a deposition, expert report, motion, or trial, provided that such copies are kept in a secured area under lock and key under the custody and control of Outside Counsel of record or Authorized Expert for the Receiving Party. Any Code filed with the Court shall be filed under seal as provided in District of Delaware Civil Local Rule 5.1.3.

(i)      The Receiving Party can make a reasonable request from the Producing Party of necessary portions of Executable Code. If the Receiving Party's request for necessary portions of Executable Code is objected to by the Producing Party, then the Receiving Party must meet and confer with the Producing Party to try to resolve this issue. If the dispute cannot be resolved informally, then the Receiving Party may move the Court for appropriate relief pursuant to Paragraph 5(e) of the Scheduling Order in the above-captioned actions. Absent a Court order, nothing herein shall be construed to require the Producing Party to produce Executable Code. Executable Code is subject to the same protections as Code and is further subject to the additional provisions of Paragraph 5(i), as applicable.

**6)      Undertaking.**

(a)      All proposed Experts under Paragraph 4(a)(iv) may receive Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, and Highly Confidential – Code Material as designated pursuant to this Order only after the following conditions have been satisfied: (i) the proposed Expert has executed the undertaking attached hereto as Exhibit A; (ii) the undertaking has been served on

the Producing Party together with the following information (A) any and all current professional relationship(s) with any of the Parties, any known competitor of the Parties, any Person or entity involved with electronic prescription refills, or any affiliate of any of the foregoing Persons or entities and (B) a curriculum vitae listing employment/consulting history (including a list of any cases for which the Expert has provided consulting services) for the four years prior to this litigation, including any prior employment or affiliation with any of the Parties, any known competitor of the Parties, any entity involved with electronic prescription refills, or any affiliate of any of the foregoing entities; prior testimony (including at trial, hearings, and depositions) for the four years prior to this litigation; and publications. To the extent that the specific identification of an Expert's client, the legal matter as to which an Expert consulted, or prior testimony cannot be provided due to a confidentiality agreement or Protective Order, or otherwise, the Party seeking to make the disclosure must provide sufficient disclosure so that the Producing Party can reasonably assess any concerns regarding the disclosure of such information to such Expert.

(b)     The Producing Party shall have seven (7) business days after notice complying with the requirements of Paragraph 6(a) is received to object to, or waive objections to, the disclosure of the Produced Material to the person(s) identified if service of the notice under Paragraph 6(a) is accomplished pursuant to Paragraph 12(c) of the Joint Status Report (D.I. 36) filed in the above-captioned actions. Any objection shall be made in good faith, stating with particularity the reasons for the objection, and must be served in writing on all Parties. Failure to object within the period referenced above shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly

Confidential – Code Material of the Producing Party. Should the parties be unable to resolve the objection, then the party objecting to the disclosure shall raise this matter with the Court and request an Order restricting such person's access to the Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, and/or Highly Confidential – Code Material. Failure to raise this matter with the Court within ten (10) business days after actual receipt of the objection by the notifying party shall be deemed approval, and the person(s) shall thereafter be qualified to have access to the Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, and/or Highly Confidential – Code Material.

**7)** **Deposition Procedures.**

(a)     At any deposition, when counsel or the deponent deems that the answer to a question will result in the disclosure of Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material, counsel shall have the option, in addition to any other steps available under the Federal Rules of Civil Procedure, to request that all persons not authorized under the relevant parts of  Paragraph 4 to have access to the appropriate category of information, leave the deposition room during the Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar, or Highly Confidential – Code portion(s) of the deposition. The failure of such other persons to comply with such requests shall constitute good cause to continue the proceedings.

(b)     Any deposition testimony concerning Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material will be marked by the court reporter as Confidential,

Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code on the deposition transcript.

       (c)      No copy of any transcript of any deposition taken in the above-captioned actions shall be furnished by the reporter to any person other than to Outside Counsel for the Parties. Neither the original nor any copy of any transcript of any deposition taken in this proceeding shall be filed with the Court or used during the trial in this action until counsel have had an opportunity to designate those portions, if any, of the transcript that are regarded as Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code under Paragraph 2(c) of this Stipulated Protective Order.  Notwithstanding the foregoing provision, a Party may file portions of any deposition transcript with the Court under seal, pursuant to Paragraph 9 below, pending the review and designation of the transcript by counsel.  If the Producing Party of the Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code information or materials is a Party to the above-captioned actions, the Outside Counsel for the Producing Party shall designate the transcript with the appropriate confidentiality designation.  If the Producing Party of such information or materials is not a Party, then counsel tendering such materials to such witness and/or interrogating such witness about such materials or information shall mark the transcript with the appropriate confidentiality designation Code under Paragraph 2(c) of this Stipulated Protective Order. Upon such a designation, the designated portions of the transcript to be filed with the Court or used during the trial shall be filed under seal in accordance with Paragraph 9 of this Stipulated Protective Order, unless otherwise agreed by the parties or ordered by the Court.

**8)**     **Maintenance of Confidential Material, Highly Confidential – Prosecution Bar Material, Highly Confidential – Attorneys Eyes Only Material or Highly Confidential – Code Material.**

Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material shall be maintained at all times in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Stipulated Protective Order.

**9)**     **Filing Under Seal.**

All Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material filed with the Court shall be filed under seal in accordance with District of Delaware Civil Local Rule 5.1.3 and pursuant to the following procedures:

(a)     Information filed under seal shall be clearly marked with the words "FILED UNDER SEAL."

(b)     Where documents filed under seal are transmitted between the Parties, they shall be clearly marked as having been filed under seal and are to be disclosed and are to be used solely in accordance with the terms and conditions of this Stipulated Protective Order.

(c)     Portions of Produced Materials, deposition transcripts, trial exhibits, demonstrative exhibits, trial testimony, briefs, memoranda, and all other documents and things filed with the Court or presented at trial that contain Confidential Material, Highly Confidential – Prosecution Bar Material, Highly Confidential – Attorneys Eyes Only Material or Highly Confidential – Code Material shall become part of the *in camera* record and shall not be made part of the public record in the above-captioned proceeding absent ruling by the Court.

**10)**      <u>**Unauthorized Disclosure and Use.**</u>

(a)      If Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material are disclosed to any person other than in the manner authorized by this Stipulated Protective Order (an "Unauthorized Person"), the party making such unauthorized disclosure (the "Disclosing Party") shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure including, without limitation, an identification of the Confidential Material, Highly Confidential – Prosecution Bar Material, Highly Confidential – Attorneys Eyes Only Material or Highly Confidential – Code Material disclosed and the Unauthorized Persons to whom the disclosure was made.

(b)      The Disclosing Party promptly shall take all reasonable measures to recover the material disclosed without authorization and to ensure that no further or greater unauthorized disclosure or use of such information or materials is made by doing the following, without limitation: (i) promptly informing the Unauthorized Person that the material contains Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material,  or Highly Confidential – Code Material and of the provisions of this Stipulated Protective Order; (ii) requesting that the Unauthorized Person sign an undertaking in the form attached as Exhibit A (to be promptly provided to the Producing Party); and (iii) retrieving all copies of Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material disclosed to the Unauthorized Person. The Producing Party and the Disclosing Party shall cooperate in good faith in this effort.

(c)     Any person found to have made an impermissible use of any Produced Material will be subject to, without limitation, appropriate civil penalties, including contempt of Court.

**11)     Inadvertent or Unintentional Failure to Designate Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material,  or Highly Confidential – Code Material.**

In the event that a Producing Party inadvertently or unintentionally fails to mark qualified Confidential Material, Highly Confidential – Attorneys Eyes Only Material or Highly Confidential – Code Material the Producing Party shall, promptly upon discovery of the failure, notify the Receiving Party and take the following corrective action:

(a)     The Producing Party promptly shall notify all persons who have received the Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material that the materials are designated as Confidential, Highly Confidential – Attorneys Eyes Only or Highly Confidential – Code and must be treated as such pursuant to this Stipulated Protective Order;

(b)     The Producing Party shall take all reasonable steps to place the applicable Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code label on the designated material, and shall re-produce any documents with the new designation in same manner as the original production; and

(c)     The Receiving Party shall treat all copies of the newly designated materials (regardless of the designations they formerly bore) as set out in this Stipulated Protective Order.

(d)     If the Receiving Party disagrees with the redesignation of the Produced Material, it may challenge the confidentiality designation pursuant to and in the manner prescribed in Paragraph 3.

12)   **Inadvertent Production of Privileged Documents**

(a) Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege.

(b) A Producing Party may notify a Receiving Party in writing that produced documents or information are subject to the attorney-client privilege, work product immunity, or any other applicable privilege.  The notice from the Producing Party shall include a privilege log for the inadvertently produced materials to the Receiving Party.  If requested by the Receiving Party, the Producing Party shall provide a new volume of the original production without the privileged documents.

(c) Within five (5) business days of notice, the Receiving Party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed.  The Receiving Party, and those with whom the Receiving Party shared such documents or information, shall not be required to delete information that may reside on their respective firms' electronic back-up systems that are over-written in the normal course of business.

(d) The Receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. The motion shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).  Notwithstanding the foregoing provisions of this Paragraph 10, a

challenge to privilege or immunity may use, in addition to information independent of the returned content, the information included in the privilege log for the materials, including the identity of the author(s), recipient(s) and date(s) of the returned materials as a basis for challenging the Producing Party's claim of privilege or immunity.

(e) Any disclosure, inadvertent or otherwise, of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege in this litigation shall not constitute a waiver of that privilege or immunity in any other action.

**13) <u>Efforts by Non-Parties to Obtain Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar, or Highly Confidential – Code Material.</u>**

If any Receiving Party (i) is subpoenaed in another action, (ii) is served with a demand in another action to which it is a party, or (iii) is served with any other legal process by one not a party to the above-captioned actions, seeking Produced Material that was designated as Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material under this Stipulated Protective Order (the "Subpoenaed Party"), then the Subpoenaed Party shall transmit a copy of such subpoena, demand, or legal process within five (5) business days of receipt of such subpoena, demand or legal process, to the Producing Party and shall reasonably cooperate with the Producing Party in maintaining the status of the information, pursuant to the terms of this Stipulated Protective Order.

**14) <u>Prosecution Bar</u>**

(a) The term "Prosecution Bar Participating Party" shall refer to mscripts.

(b) The term "Designated – Prosecution Bar Recipient" shall refer to any Outside Counsel that the Receiving Party, at its sole discretion, so designates.  Any such Designated –

Prosecution Bar Recipient(s) shall be subject to the provisions of Paragraph 14(c) upon being so designated.  Prior to the disclosure of Highly Confidential – Prosecution Bar Materials to a Designated – Prosecution Bar Recipient, the name and title of such Designated – Prosecution Bar Recipient shall be disclosed to all Parties.  Such Designated – Prosecution Bar Recipient shall not be subject to the objection(s) pursuant to Paragraph 6;

(c) Any person who is designated as Designated – Prosecution Bar Recipient by a Receiving Party pursuant to Paragraph 14(b) and (1) has access to a Prosecution Bar Participating Party's information designated "Highly Confidential – Prosecution Bar" or (2) who represents a Prosecution Bar Participating Party and has access to any other Party's information designated "Highly Confidential – Prosecution Bar" is prohibited from being involved in the prosecution or drafting of patent applications, claim language for patent applications, or arguments in support of patent applications; and is also prohibited from being involved in prosecuting or otherwise providing substantive advice in any proceeding before the PTO or any foreign patent agency, in which the Receiving Party could attempt to add or amend claims in an application or granted patent, including, without limitation, reexamination or other post-grant proceedings.  This prosecution bar shall extend to, and only to, applications and patents in the subject matter area of technology relating to mobile apps for refill-by-scan in the pharmacy industry, and shall apply for a period ending two (2) years after the conclusion of this litigation, including appeals.

### 15)  <u>Procedures Upon Termination of The Above-Captioned Actions.</u>

Within forty (40) business days after the conclusion in its entirety of the last to conclude of the above-captioned actions, after all appeals periods have expired or execution of a settlement agreement finally disposing of all the actions, all Receiving Parties to whom Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential

– Prosecution Bar Material, or Highly Confidential – Code Material were produced shall return such material to counsel for the Producing Party or destroy such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person, and shall certify their compliance with this provision by affidavit, except that Outside Counsel may maintain all of their own attorney work product and one archival copy of all correspondence, pleadings, and other documents, and not more than one additional personal copy of deposition transcripts, exhibits, expert reports or papers filed with the Court. Subject to this exception, Outside Counsel shall certify to counsel for the Producing Party the return or destruction of all additional copies of Confidential Material, Highly Confidential – Attorneys Eyes Only Material, Highly Confidential – Prosecution Bar Material, or Highly Confidential – Code Material so designated in their possession, custody, or control. To the extent that any materials have been filed under seal with the Court, such materials shall be retrieved by the party seeking to maintain the confidentiality of such materials.

## 16)   <u>Modifications to Stipulated Protective Order.</u>

Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and, by its agreement to this Stipulated Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party.

## 17)   <u>Redaction</u>

Redacted versions of Confidential Material, Highly Confidential – Attorneys Eyes Only Material or Highly Confidential – Code Material that no longer contain any Confidential, Highly Confidential – Attorneys Eyes Only, Highly Confidential – Prosecution Bar Material,  or Highly Confidential – Code information, and that are not subject to this Stipulated Protective Order, may be used for any proper purpose.

01:15728169.1

**18)    Miscellaneous**

Notwithstanding anything in this Stipulated Protective Order:

(a) Nothing in this Stipulated Protective Order shall diminish a Receiving Party's right to use any Produced Materials that are publicly available or that it has lawfully obtained from a source other than production in the above-captioned actions.

(b) Nothing in this Stipulated Protective Order shall diminish a Producing Party's right to use any of its own information, documents, or things.

(c) Any Producing Party may consent in writing to a disclosure of its own Produced Material that would not otherwise have been authorized under this Stipulated Protective Order.


_____
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

## **UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

### *Walgreen Co. v. CVS Pharmacy, Inc., et al.*, No. 14-123-GMS (D. Delaware)

I _____, declare as follows:

1. My address is _____.

2. I am presently employed as _____ by

_____.

3. I have received a copy of the attached Stipulated Protective Order entered in

the above-referenced action on _____, 2014 (the "Protective Order").  I

have carefully read and understand the provisions of the Protective Order, and agree to

comply with and to be bound by all its terms.

4. I will hold in confidence, and use any and all Produced Material, as well as all

documents and things that I have prepared relating thereto, only to the extent permitted

by the Protective Order.

5. I agree to notify all administrative, secretarial, clerical, paralegal, or other

personnel who are required to assist me in my assigned duties of the terms of the

Protective Order.

6. I will return all Produced Material that comes into my possession, custody or

control, as well as all documents and things that incorporate Produced Material, to

Outside Counsel for the party by whom I am employed or retained.

7.  I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liabilities, criminal liabilities, or any combination of the above.

8.  I submit to the jurisdiction of the United States District Court for the District of Delaware for the purposes of enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, 20____.

_____

_____

Print Name and Sign