IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-123-GMS |
| | ) | |
| CVS PHARMACY, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSENT JUDGMENT AND INJUNCTION**

This Consent Judgment And Injunction is entered into by and between Plaintiff Walgreen Co. ("Walgreens") and Defendant CVS Pharmacy, Inc. ("CVS") (collectively, "Parties"; singly, "Party"), subject to approval by the Court.

WHEREAS, Walgreens brought the above-captioned action against CVS for infringement of Walgreens' United States Patent Number 8,626,530 ("530 Patent");

WHEREAS, Walgreens asserted that the CVS mobile applications containing refill by scan technology and existing between January 7, 2014 and about July 18, 2014 or about July 30, 2014 infringed the 530 Patent, e.g., CVS/pharmacy App for iPhone (versions 1.17 and 1.20), CVS/pharmacy App for iPad (version 1.2.1) and CVS/pharmacy App for Android (version 1.17) (collectively, "Accused Apps");

WHEREAS, the making, using, selling, offering for sale, and/or importing of the Accused Apps infringed one or more claims of the 530 Patent, assuming that those claims are valid and enforceable;

WHEREAS, on or about July 18, 2014, CVS updated its iPhone app (version 1.31) and subsequently updated its Android app (version 1.23) on or about July 30, 2014, and has subsequently updated its iPhone app and Android app through and including version 1.60.1 of each app (collectively, "New Apps");

WHEREAS, CVS is no longer making, using, selling, offering for sale, and/or importing the Accused Apps;

WHEREAS, the making, using, selling, offering for sale, and/or importing of the New Apps does not infringe any claim of the 530 Patent;

WHEREAS, nothing contained herein shall be construed as conveying to CVS any right to make, use, sell, offer to sell and/or import the technology claimed in the 530 Patent;

WHEREAS, Walgreens and CVS, through their respective attorneys, hereby agree to resolve this matter by the entry of this Consent Judgment And Injunction;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED AND ADJUDGED:

1. This is an action for patent infringement under the Patent laws of the United States, Title 35, United States Code.

2. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over CVS for purposes of this matter. (*See, e.g.,* D.I. 31 at ¶¶ 4-5; D.I. 33 at ¶¶ 4-5.)

4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391(a), 1391(b), 1391(c), and 1400(b). (*See, e.g.,* D.I. 31 at ¶ 6; D.I. 33 at ¶ 6.)

5. Walgreens is the owner of all right, title and interest in and to the 530 Patent.

6. CVS, its officers, agents, servants, employees, and its successors and assigns, and all others in active concert, participation, or privity with CVS, its officers, agents, servants, employees, and its successors and assigns, shall not make, use, sell, offer for sale, or import the Accused Apps or other mobile applications having variations of refill by scan technology that are not more than colorably different from the refill by scan technology of the Accused Apps from the date of this Consent Judgment And Injunction until the earlier of (a) the expiration of the 530 Patent or (b) a final non-appealable decision of invalidity or unenforceability of all unexpired claims of the 530 Patent asserted against CVS in the above-captioned action.

7. Unless Walgreens or any assignee or licensee of, or successor in interest to, the 530 Patent asserts the 530 Patent against CVS with respect to a product that is not an Accused App or a colorable variation of an Accused App after the date of this Consent Judgment And Injunction, CVS, its officers, agents, servants, employees, and its successors and assigns, and all others in active concert, participation, or privity with CVS, its officers, agents, servants, employees, and its successors and assigns, shall not challenge or participate in any challenge to the ownership, validity or enforceability of the 530 Patent in any forum from the date of this Consent Judgment And Injunction until the earlier of (a) the expiration of the 530 Patent, or (b) a final non-appealable decision of invalidity or unenforceability of all unexpired claims of the 530 Patent asserted against CVS in the above-captioned action. This includes, but is not limited to, any action taken by Walgreens to enforce the terms of this Consent Judgment And Injunction. However, neither this Consent Judgment And Injunction nor anything in it shall limit CVS's ability to contest whether a future app or version of an existing app is a "colorable variation" of an Accused App.

8. Because the making, using, selling, offering for sale, and/or importing of the New Apps does not infringe any claim of the 530 Patent, Walgreens, its officers, agents, servants, employees, and its successors and assigns, shall not assert or participate in asserting that the New Apps infringe the 530 Patent in any forum following the date of this Consent Judgment And Injunction.

9. Each Party shall bear its own costs and attorney's fees.

10. All claims and counterclaims are hereby dismissed with prejudice, except that in the event Walgreens or any assignee or licensee of, or successor in interest to, the 530 Patent asserts a claim of infringement of that patent against CVS with respect to a product that is not an Accused App or a colorable variation of an Accused App, CVS shall retain all rights to assert any defenses or counterclaims. Neither this Consent Judgment And Injunction nor anything in it shall be construed as an agreement or admission by CVS that any claim of the 530 patent is valid or enforceable. Moreover, neither this Consent Judgment And Injunction nor anything in it shall be construed to inhibit or affect in any way any argument that any claim of any other patent (including future patents that are related to the 530 patent) is not infringed, is invalid, and/or is unenforceable.

11. This Court retains jurisdiction to enforce the terms and provisions of this Consent Judgment And Injunction.

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| /s/ Anne Shea Gaza | /s/ Michael J. Flynn |
| Anne Shea Gaza (No. 4093) | Jack B. Blumenfeld (No. 1014) |
| James L. Higgins (No. 5021) | Rodger D. Smith II (No. 3778) |
| Rodney Square | Michael J. Flynn (No. 5333) |
| 1000 N. King Street | Megan E. Dellinger (No. 5739) |
| Wilmington, DE 19801 | 1201 North Market Street |
| 302-571-6600 | P.O. Box 1347 |
| agaza@ycst.com | Wilmington, DE 19801-1347 |
| jhiggins@ycst.com | (302) 658-9200 |
| | jblumenfeld@mnat.com |
| Of Counsel: | rsmith@mnat.com |
| | mflynn@mnat.com |
| Timothy J. Malloy | mdellinger@mnat.com |
| Scott P. McBride | |
| McAndrews, Held & Malloy, Ltd. | Of Counsel: |
| 500 West Madison Street, 34th Floor | |
| Chicago, Illinois 60661 | Adam L. Perlman |
| (312) 775-8000 | David M. Krinsky |
| tmalloy@mcandrews-ip.com | Cadence A. Mertz |
| smcbride@mcandrews-ip.com | Joelle S. Perry |
| | WILLIAMS &CONNOLLY LLP |
| *Attorneys for Plaintiff* | 725 Twelfth Street, N.W. |
| *Walgreen Co.* | Washington, DC 20005 |
| | (202) 434-5000 |
| | aperlman@wc.com |
| | dkrinsky@wc.com |
| | cmertz@wc.com |
| | jperry@wc.com |
| | *Attorneys for Defendant CVS Pharmacy, Inc.* |

IT IS SO ORDERED, this 8th day of Dec , 2014.

_____
The Honorable Gregory M. Sleet
United States District Judge